25665.   ANDERSON et al. v. HUMBLE OIL & REFINING
COMPANY.

ARGUED MARCH 11, 1970—DECIDED APRIL 9, 1970.

*Archer, Patrick & Sidener, James H. Archer, Jr.,* for appellants.
*Jones, Bird & Howell, Earle B. May,* for appellee.

MOBLEY, Presiding Justice.   The issue in this case is whether
ten acres of land leased to the defendant was being used by the
owner for agricultural purposes at the time a zoning resolution
was adopted by the Board of Commissioners of Roads and Reve-
nues of Fayette County, Georgia.

The appeal is from a judgment denying the plaintiffs' prayer
for a temporary and permanent injunction against the defendant
using the property for a service station, or commercial purposes,
and dismissing the complaint.   The entering of that judgment
is enumerated as error.

On August 13, 1960, the Board of Commissioners of Roads
and Revenues of Fayette County adopted zoning regulations for
the unincorporated area of Fayette County, providing that all
of the land in that area was zoned for the purpose for which it
was being used at that time.   The plaintiffs contend that the
ten acres were being used for agricultural purposes at the time,
and the defendant that they were being used for commercial
purposes.

Counsel for the plaintiffs admit that the property, consisting
of ten acres, was being used by the owner for a "commercial
nursery where he raised various plants, trees, flowers, etc. for
sale primarily to other nurseries and florists."

Black's Law Dictionary (4th), pp. 336, 337, defines "commer-
cial" as, "Relating to or connected with trade and traffic or
commerce in general. . .   Occupied with commerce. . .;"

and defines "commerce" as, "The exchange of goods, productions, or property of any kind. . . Commerce, in its simplest signification, means an exchange of goods; . . . the buying, selling, and exchanging of articles. . ." Webster's (3d) International Dictionary, p. 1551, defines "nursery" as "an area where trees, shrubs, or plants are grown for transplanting, for use as stocks for budding and grafting, or for sale."

"In Bouvier's Law Dictionary (1928), it is stated that agriculture, in a general sense, 'is the cultivation of the ground for the purpose of procuring fruits and vegetables for the use of man and beast; or, the act of preparing the soil, sowing and planting seeds, dressing the plants, and removing crops. In this sense the word includes gardening or horticulture, and the raising or feeding of cattle and other stock.' The term 'agriculture' is at least as broad as that of 'farming,' even if not broader, as some courts have said. 3 Words & Phrases (Perm. Ed.), 46." *Collins v. Mills*, 198 Ga. 18, 23 (30 SE2d 866).

The growing of nursery plants is farming, and land used for such purpose would be classified as agricultural under the zoning ordinance of the county commissioners. However, where the business involves not only the growing of nursery plants, but the sale thereof, as well as the sale of others bought for resale, would the use of the property be agricultural within the meaning of the zoning as "Agricultural?"

The burden of proof was upon the plaintiffs to show that at the time the zoning resolution became effective the land was being used for agricultural purposes. There was evidence that the owner was growing plants on the property, but was also buying large quantities of nursery products from other nurseries for resale and in landscaping. He advertised an array of shrubs and plants, with no showing as to whether they were grown on the place or were bought from other nurseries.

The selling of plants grown upon the place would not, in and of itself, require a finding that the property was being used for commercial purposes. Agricultural products are in the course of business sold, and if this record showed that the ten acres were devoted primarily to raising nursery plants and shrubs and the owner sold them on the premises, this would be using

the land for agricultural purposes. However, here the buying of large quantities of nursery plants and reselling them on the premises, with the other evidence, support the finding of the court that the property was being used for commercial purposes.

*Judgment affirmed. All the Justices concur.*