## 38177. THURMAN'S AUTO PARTS & WRECKER SERVICE, INC. et al. v. COBB COUNTY.

HILL, Presiding Justice.

Cobb County sought an injunction against Toni Thurman and Thurman's Auto Parts & Wrecker Service, Inc., for violation of the county zoning ordinance. Toni Thurman defended on the ground that the county action violated her civil rights under 42 USCA § 1983 and the fourteenth amendment by unlawfully putting her out of business.[1] The trial court granted the injunction and Thurman appeals.

Thurman's Auto Parts & Wrecker Service, Inc., was doing business on Highway 41 when Cobb County adopted its zoning ordinance in 1956.[2] It was, therefore, allowed, under a "grandfather clause," to remain in business as a nonconforming use. Thereafter, the Department of Transportation condemned Thurman's property to build an access road to Interstate 75.[3] Thurman purchased another tract of land several hundred yards away, zoned HI (heavy industrial), which does not front on Highway 41, but abuts an access ramp between 41 and the Canton Highway. Some of Thurman's vehicles were relocated to this site, while others were disposed of in other ways. A mobile home to be used as an office was moved to the property and grading and filling was commenced.

Evidence was presented at the hearing suggesting that while the new property could be used under the existing HI (heavy industrial) zoning as a wrecker (towing) service, it could not be used as a junkyard because junkyards are not allowed along "major thoroughfares."[4] In addition, Thurman failed to obtain necessary permits for grading and filling and for the installation of the mobile home. The county thus sought to enjoin these uses as violations of the

---

[1] Thurman's attempt to remove the case to the federal court was unsuccessful, the case having been remanded for lack of federal jurisdiction because the federal question was raised in the answer and not in the complaint. Cobb County, Georgia v. Thurman's Auto Parts & Wrecker Service, Inc. v. Toni Thurman, Civ. Action No. C81-385A (N. D. Ga. 1981).

[2] Zoning and Planning Ordinance of Cobb County, 1972 Cobb County Board of Commissioners Resolution, amending local act Ga. L. 1956, p. 2006, as amended by Ga. L. 1964, p. 3181.

[3] Thurman's was paid about $100,000 for the property and $125,000 in relocation expenses.

[4] 1972 Zoning Ordinance, App. A, Supp. No. 2, § 9 (d) states in material part: "9. *Automobile wrecking or junkyards.* . . . d. Not to be located on any major thoroughfare." (Emphasis in original. We do not equate "automobile wrecking" and "automobile wrecker" (towing).

zoning ordinance. While the case was pending, Thurman sought a permit for the mobile home. The application was accepted, but then refused on the ground that Thurman was illegally operating a junkyard. The trial court granted injunctive relief to the county.

1. There is no merit to Thurman's defense under 42 USCA § 1983 that the "government" (Department of Transportation and Cobb County) has deprived her of her business in violation of her civil rights and due process by not allowing her the benefit of the "grandfather clause" at her new location. Thurman was fully compensated for the loss of her property and received relocation benefits in the condemnation proceedings.[5] A property owner cannot move a "grandfathered" use from one location to another, and the same is true where the "grandfathered" property has been condemned (i.e., the property owner has been fully compensated).

2. The trial court properly enjoined the use of the relocation property as a junkyard because the zoning ordinance disallows such a use along a "major thoroughfare."[6] However, there is testimony in the record that Thurman intended only to use the property in connection with a wrecker and storage service. 1972 Zoning Ordinance, App. A, Supp. No. 2, § 13, allows such a use: "*Storage yards for damaged or confiscated automobiles.* a. Such use shall be enclosed by a fence or wall not less than eight feet in height which provides visual screening. b. No dismantling, repair, or other such activity shall be conducted. c. Such use shall be located at least 40 feet from any residential district or use. d. Such automobiles shall not be held longer than provided by State or County law." (Emphasis in original.) We find that the Cobb County zoning ordinance prohibits "Automobile wrecking or junkyards" on "major thoroughfares" but does not prohibit "Storage yards for damaged or confiscated automobiles" on such thoroughfares. Therefore, the trial court did not err in enjoining use of the property as a junkyard but erred insofar as it permanently enjoined use of the property for "storing" vehicles, because such business is allowed at Thurman's new location, providing the conditions of the ordinance are met.

3. The trial court was correct in enjoining Thurman's use of the property for a mobile home and as a private landfill, as well as any grading of the property, without permits, until such time as the permits are obtained. The county may not refuse to accept the

---

[5] According to the record, Thurman chose to relocate rather than seek compensation for the loss of her business.

[6] Thurman does not challenge the trial court's finding that the property is located on a "major thoroughfare."

applications for permits, but must see through the issuance of these permits that Thurman operates her business in accordance with the zoning requirements. *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260, 265 (191 SE2d 85) (1972).

In light of these holdings, the case is remanded to the trial court so that the injunction can be amended accordingly.

*Judgment affirmed in part; reversed in part and remanded. All the Justices concur.*

DECIDED JANUARY 27, 1982.

*Carl Fredericks,* for appellants.

*Sams, Glover & Gentry, Garvis Sams, Jr., David P. Hartin,* for appellee.