## A03A0371. REEVES v. MOHAWK FACTORING, INC.
### (583 SE2d 487)

ADAMS, Judge.

Lisa H. Reeves d/b/a Clairmont Carpet Connection appeals following the trial court's grant of summary judgment to Mohawk Factoring, Inc.

Reeves was in the business of selling retail carpets and floor coverings. In connection with that business, she signed an application to purchase carpet products on account with "Mohawk Carpet Corporation/Karlstad Bigelow/Harbinger/Helios (Individually and Collectively Mohawk)." The application also contained a personal guarantee of payment by Reeves. During 1999, Reeves became indebted to Mohawk Carpet in the amount of $25,168.58. And in December 2000, Mohawk Factoring filed a complaint against Reeves seeking to collect this amount. Reeves does not dispute that this amount is owing on the account, but she disputes that the debt is due and owing to Mohawk *Factoring*. She notes that she never contracted with that entity and asserts that Mohawk Factoring has failed to prove its right to collect the debt.

On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom most favorably to the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998). "The movant is not entitled to judgment as a matter of law unless, construing the evidence most favorably to the nonmoving party, the movant shows a prima facie case. Unless and until the movant meets this initial burden, no evidentiary burden shifts to the nonmovant." *Young v. Faulkner*, 251 Ga. App. 847, 848 (555 SE2d 221) (2001). Accordingly, Mohawk Factoring bears the burden on summary judgment of showing that it is entitled to collect on Reeves's account.

In support of its motion, Mohawk Factoring submitted the affidavit of its Assistant Secretary, Salvatore J. Perillo, which stated that Mohawk Factoring is a subsidiary of Mohawk Carpet. Attached to the affidavit was a chart showing the corporate structure of Mohawk Industries, Inc., the parent of Mohawk Carpet, and the chart reflects that Mohawk Carpet owns 79.3 percent of the factoring corporation. But although Mohawk Factoring is a subsidiary of the corporation with which Reeves contracted, a subsidiary is generally considered under law to be a separate legal entity from its parent. See generally *Kissun v. Humana, Inc.*, 267 Ga. 419, 421 (479 SE2d 751) (1997); *Trans-American Communications v. Nolle*, 134 Ga. App. 457, 459-460 (1) (a) (214 SE2d 717) (1975). Accordingly, the relationship between the two corporations, standing alone, is insufficient to establish Mohawk Factoring's right to collect the debt.

Perillo's affidavit also stated that Mohawk Factoring purchased the receivables of Mohawk Carpet on December 31, 1997, and attached an unsigned copy of a Receivables Purchase and Sale Agreement between the two corporations. That agreement provides that Mohawk Factoring purchased "Eligible Receivables" of Mohawk Carpet generated both before and after an unspecified "Cut-Off Date," including "all related Security and Contracts" and "all Collections with respect to" such receivables. The agreement further provides that all undefined capitalized terms, presumably including "Eligible Receivables" and "Cut-Off Date," are defined in "Annex X" to the agreement. But Annex X is not attached to the affidavit, nor is it otherwise included in the record before us.

Accordingly, while it is clear that Mohawk Factoring purchased certain receivables from Mohawk Carpet, we agree with Reeves that Mohawk Factoring has failed to establish that her account is included among those receivables. That fact cannot be ascertained from the portion of the purchase agreement contained in the record, and Perillo's affidavit does not assert that Reeves's account is included among the purchased receivables. The only other evidence submitted by Mohawk Factoring is an earlier affidavit establishing the fact of the debt. That affidavit states that Mohawk Factoring sold the merchandise on account directly to Reeves, but that is contradicted by the account application itself, which contains no mention of Mohawk Factoring.

A requirement that Mohawk Factoring prove its right to collect on an account is more than a pro forma exercise; rather, such proof is necessary for the corporation to establish its prima facie case. While it is certainly possible that the required evidence could have been provided by further affidavit without resort to a trial, the grant of Mohawk Factoring's motion for summary judgment was premature in the absence of such evidence.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 12, 2003.

*Kenison & Dudley, Keven K. Kenison, Joel F. Geer*, for appellant.
*Howe & Associates, Richard M. Howe, Lawrence A. Silverman*, for appellee.