### A04A0378. FLIPPEN ALLIANCE FOR COMMUNITY EMPOWERMENT, INC. et al. v. BRANNAN.
### A04A0379. HENRY COUNTY v. BRANNAN.
(601 SE2d 106)

BLACKBURN, Presiding Judge.

In this declaratory judgment action, Henry County and the Flippen Alliance for Community Empowerment, Inc. appeal the trial court's grant of summary judgment to A. L. Brannan, Sr. ("Brannan"), contending that the trial court erred in its findings that (1) Brannan's use of his property as a landfill was grandfathered as a nonconforming use under the applicable Henry County Zoning Ordinance, and (2) Henry County was estopped from barring Brannan from operating his landfill due to the equitable doctrine of laches. For the reasons set forth below, we reverse.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the party opposing the motion, warrant judgment as a matter of law.[1] *Jones v. Bd. of Regents of the Univ. System of Ga.*[2] On appeal from a grant of summary judgment, we conduct a de novo review of the record, construing the evidence and all inferences therefrom most favorably to the nonmoving party. *Reeves v. Mohawk Factoring.*[3]

Viewed in this light, the record shows that Brannan purchased 20.6 acres of land located on Oak Grove Road in 1971 ("Tract 1"). In 1987, Brannan purchased an adjoining 27.36 acres ("Tract 2"). In 1993, Brannan gave 8.53 acres to his son, leaving Brannan with a total of 39.43 acres.

In the early 1970s, Brannan began using portions of Tract 1 as a landfill,[4] and he expanded the operation to portions of Tract 2 in the mid-1990s. It is unclear what portion of the property has been used as

---

[1] OCGA § 9-11-56 (c).

[2] *Jones v. Bd. of Regents of the Univ. System of Ga.*, 262 Ga. App. 75 (585 SE2d 138) (2003).

[3] *Reeves v. Mohawk Factoring*, 261 Ga. App. 629 (583 SE2d 487) (2003).

[4] Brannan stated at deposition that he began using Tract 1 for waste disposal in 1970. This date is a year before Brannan purchased Tract 1. Brannan submitted an affidavit which stated that he began using Tract 1 as a landfill in 1971.

a landfill.[5] Both Tracts 1 and 2 are currently zoned Residential-Agricultural ("RA"). The Henry County Zoning Ordinance does not permit a landfill in a RA zone.

In June 1997, Brannan executed an Agricultural or Timberland Property Covenant Agreement ("the Agreement") as to 37.78 acres of Tracts 1 and 2. The Agreement stated that the primary use of the property was the production of agricultural products or timber. In the Agreement, Brannan covenanted to maintain the property in agricultural use for a period of ten years.

Prior to 1997, Brannan did not obtain a permit or license to operate the landfill from any governmental entity. In 1997, Brannan applied to the State of Georgia for a permit by rule to operate the landfill.[6] By letter dated July 7, 1997, the Georgia Department of Natural Resources ("the Department") informed Brannan that he would be deemed to have a solid waste handling permit by rule if he complied with the Department's regulations.

By letter dated February 7, 2001, Henry County ordered Brannan to stop all work at the landfill due to his failure to obtain the required land disturbance permit from the county. In March 2001, the Department issued an administrative order requiring Brannan to cease acceptance of waste and to proceed with closure of the site. In June 2001, Brannan submitted a site plan to Henry County and sought a development permit. Henry County issued a development permit to Brannan on October 10, 2001. The development permit authorized Brannan to conduct "land disturbing activities" for the purposes of erosion control, clearing and grading, and clearing and grubbing "per approved plans." The development permit contains several set-back requirements.

Henry County filed this action against Brannan, the Flippen Alliance for Community Empowerment, Inc., Michael and Phyllis Freeman, Thomas and Elaine Kolpak, Leon and Virginia Forrer, James Ryan, and Boyd and Kathleen Hall seeking a judicial declaration as to whether Brannan's operation of a landfill on two adjoining tracts of land violated Henry County's Zoning Ordinance or other law and as to whether Brannan was entitled to a permit to operate a landfill on his property. By order dated February 5, 2003, the trial court granted Brannan's motion for summary judgment, finding that

---

[5] Brannan stated at deposition that he expanded the landfill to Tract 2 in 1997. In the same deposition, Brannan also stated that he began using Tract 2 as a landfill in 1995. Brannan submitted an affidavit which stated that he began landfill operations on Tract 2 "[n]o later than 1994." Brannan stated at deposition that approximately half of each tract has been used as a landfill. In his affidavit, Brannan stated that 34.698 acres had been used as a landfill.

[6] See OCGA § 12-7-7; Ga. Admin. Code 391-3-4-.06 (1).

portions of Brannan's landfill were grandfathered as a nonconforming use under the Henry County Zoning Ordinance, that the zoning ordinance did not apply to the landfill because Brannan had a vested right to use the land at issue as a landfill, and that the county was estopped from barring Brannan's use of his land as a landfill due to laches. The February 5 order denied a motion for summary judgment filed by the Flippen Alliance for Community Empowerment, Inc. and the other individual defendants (collectively "FACE") and ordered Henry County to issue Brannan "all permits necessary for the operation of an inert landfill." Both Henry County and FACE appealed, contending that the trial court's findings were erroneous.

1. Henry County and FACE contend that the trial court erred by finding that Brannan's use of Tract 1 constituted a legal, nonconforming use that is grandfathered under the Henry County Zoning Ordinance. In order to establish a grandfathered, nonconforming use, it is necessary to show that the land was used for the nonconforming purpose prior to the enactment of the zoning ordinance. *Anderson v. Humble Oil &c. Co.*[7] Such proof is lacking here because the record contains no evidence as to the content of Henry County's Zoning Ordinance at the time Brannan purchased Tract 1. "It is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved." (Citations omitted.) *Childers v. Richmond County.*[8] The proper method of proving an ordinance is by production of the original or of a properly certified copy. *Police Benevolent Assn. of Savannah v. Brown.*[9]

The trial court found that Brannan's use of Tract 1 as a landfill preceded the enactment of Henry County's Zoning Ordinance. This finding appears to have been based on a statement in Brannan's brief that "[a]ccording to the best information available, Henry County passed its first Zoning Ordinance in 1973."[10] "It is axiomatic that statements in briefs are not evidence." *Dunn v. Reliable Tractor.*[11] There is no evidence in the record which establishes when Henry County first enacted zoning controls or as to how those zoning controls might have classified Tract 1.[12] As such, it is impossible to tell

---

[7] *Anderson v. Humble Oil &c. Co.*, 226 Ga. 252, 253 (174 SE2d 415) (1970).

[8] *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996).

[9] *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (486 SE2d 28) (1997).

[10] This statement appears to be inaccurate. The current Henry County Zoning Ordinance states that it repeals "[t]he 'Zoning Regulations of Henry County' and 'Zoning Districts Map' of 1963, as amended." Henry County Code § 3-7-336.

[11] *Dunn v. Reliable Tractor*, 248 Ga. App. 258, 260 (2) (545 SE2d 695) (2001).

[12] Because there is no evidence in the record upon which the court may base inferences as to the date Henry County's first zoning ordinance was enacted, the exception to the rule requiring proof of local ordinances created by this court in *Oertel v. Chi Psi Fraternity*, 239 Ga.

whether Brannan's use of Tract 1 as a landfill predated the enactment of Henry County's Zoning Ordinance. Because an issue of material fact remains on this question, the trial court erred in granting summary judgment on this basis.

2. FACE and Henry County also contend that the trial court erred in finding that Brannan had a vested right to use both tracts as a landfill. "To be vested, in its accurate legal sense, a right must be complete and consummated." (Punctuation omitted.) *Goldrush II v. City of Marietta*.[13] "[P]rior nonconforming uses are not absolutely protected from subsequent zoning regulations." *Ralston Purina Co. v. Acrey*.[14] A governing authority can require a nonconforming use to be terminated in a reasonable time. *Gifford-Hill & Co. v. Harrison*.[15] See also *Purple Onion v. Jackson*[16] (Georgia law permits municipalities to terminate, over time, pre-existing nonconforming uses). "A property owner cannot move a 'grandfathered' use from one location to another." *Thurman's Auto Parts &c. v. Cobb County*.[17] Moreover, courts have consistently held that ordinances prohibiting the expansion of a nonconforming use to new lands are enforceable. 642 Anderson's American Law of Zoning (4th ed.), § 6.51. "[I]t is incumbent upon one seeking to use the property for a non-conforming use after the rezoning ordinance to show that his prior use of the property was legal and not unlawful." *Troutman v. Aiken*.[18] See also *Corey Outdoor Advertising v. Bd. of Zoning Adjustments*.[19]

FACE and Henry County contend that even if it is assumed that Brannan's landfill operation predated the enactment of the Henry County Zoning Ordinance, Brannan has not acquired a vested right to operate his landfill on either tract because Brannan's landfill violates numerous other federal, state, and local laws. Henry County and FACE allege that Brannan is in violation of the Georgia Erosion and Sedimentation Act of 1975, OCGA § 12-7-1 et seq.; the Henry County Nuisance Ordinance; the Federal Resource Conservation and Recovery Act, 42 USC § 6901 et seq. ("the FRCR"); the Henry County Litter and Garbage Control Ordinance; the Henry County Amortization and Discontinuance Ordinance; the portions of the Henry County

---

App. 147 (521 SE2d 71) (1999), does not apply in this case.

[13] *Goldrush II v. City of Marietta*, 267 Ga. 683, 694 (7) (482 SE2d 347) (1997).

[14] *Ralston Purina Co. v. Acrey*, 220 Ga. 788, 791 (1) (142 SE2d 66) (1965).

[15] *Gifford-Hill & Co. v. Harrison*, 229 Ga. 260, 266 (191 SE2d 85) (1972).

[16] *Purple Onion v. Jackson*, 511 FSupp. 1207, 1224 (N.D. Ga. 1981).

[17] *Thurman's Auto Parts &c. v. Cobb County*, 248 Ga. 826, 827 (1) (286 SE2d 707) (1982).

[18] (Citations omitted.) *Troutman v. Aiken*, 213 Ga. 55, 56 (96 SE2d 585) (1957).

[19] *Corey Outdoor Advertising v. Bd. of Zoning Adjustments*, 254 Ga. 221, 226 (4) (327 SE2d 178) (1985).

Zoning Ordinance prohibiting expansion of nonconforming land uses; and Henry County's Business License Ordinance.

The trial court erred in granting summary judgment for Brannan on this issue. FACE introduced evidence which, viewed in the light most favorable to FACE as the nonmoving party, tended to show that Brannan was in violation of certain provisions of the FRCR. Brannan did not produce any evidence to show that the FRCR did not apply to the landfill or that the landfill was in compliance with that statute. Moreover, Brannan made no effort to comply with the Georgia Erosion and Sedimentation Act until 1997. Viewed in the light most favorable to Henry County and FACE, the record does not show that Brannan fulfilled the Department's regulatory requirements as was necessary for him to have a valid permit by rule after 1997. Because none of the county ordinances cited have been properly introduced into evidence, it is impossible for this Court to evaluate the arguments concerning them. See *Childers,* supra. The trial court erred in finding that Brannan had a vested right to use both tracts as a landfill.

3. Henry County and FACE contend that the trial court erred in finding that the county was estopped by the doctrine of laches from prohibiting Brannan from using either tract as a landfill. "In general, equitable defenses are unavailable against the state where their application would thwart a strong public policy." *State Soil &c. Conservation Comm. v. Stricklett.*[20] "Not even estoppel can legalize or vitalize that which the law declares unlawful and void." *Union County v. CGP, Inc.*[21] "[E]stoppel is not asserted if such will embarrass a municipality in its capacity as a governing body or operate to prevent it from exercising its police power." (Punctuation omitted.) *Corey,* supra at 224 (3). Zoning, even if based merely on aesthetic interests, is a reasonable and proper exercise of the police power. Id.

"[T]he question of laches is addressed to the sound discretion of the trial court, and on appeal the exercise of that discretion will not be disturbed unless it is so clearly wrong as to amount to an abuse of discretion." (Punctuation omitted.) *McClure v. Davidson.*[22] The trial court abused its discretion in applying the doctrine of laches in the case at bar.

*Judgments reversed. Barnes and Mikell, JJ., concur.*

---

[20] *State Soil &c. Conservation Comm. v. Stricklett,* 252 Ga. App. 430, 435 (2) (555 SE2d 800) (2001).

[21] *Union County v. CGP, Inc.,* 277 Ga. 349, 351 (2) (589 SE2d 240) (2003).

[22] *McClure v. Davidson,* 258 Ga. 706, 708 (2) (373 SE2d 617) (1988).

DECIDED APRIL 1, 2004 —
RECONSIDERATION DENIED APRIL 20, 2004 — 

*Stack & Associates, Donald D. Stack, Lisa B. Perlstein*, for Flippen Alliance for Community Empowerment, Inc.

*O'Quinn & Cronin, Michael A. O'Quinn, Patrick D. Jaugstetter*, for Henry County.

*Smith, Welch & Brittain, William A. White, Thomas B. McFarland*, for A. L. Brannan.