S06A0219. KNOTT et al. v. EVANS et al.

(630 SE2d 402)

HUNSTEIN, Presiding Justice.

Appellees filed a nuisance action in August 2003 seeking to enjoin appellants' use of a portion of their property as a motocross track. The trial court chose to impanel a jury as an aid in finding facts, see *Guhl v. Davis*, 242 Ga. 356, 358 (249 SE2d 43) (1978), and the parties agreed to the submission of a special verdict form. See OCGA § 9-11-49 (b). Evidence was presented that supported the jury's findings in the June 2005 special verdict that appellants' operation of a public motocross track on their property between August 2002 and May 2003 was a nuisance and that appellants' operation of motorcycles on their property since June 2003 was not a nuisance.[1] As further provided by the special verdict form, the jury awarded appellees no damages for appellants' operation of a nuisance and declined to "request that the court structure guidelines as to the future operation" of appellants' track. The trial court subsequently entered an order that expressly referenced the jury's verdict but nevertheless permanently enjoined appellants' use of the track except for specified days and times,[2] with limitations on the number and type of motorcycles allowed on the track,[3] and provided that the restrictions would "apply to the property and shall run with the land." For the reasons that follow, we reverse the trial court's order.

1. This Court held in *Guhl*, supra, 242 Ga. at 358, that in equity cases

> [a]lthough there is no right to jury trial, the court may call for special verdicts if, in its discretion, it desires to seek a jury's aid as a fact finding body to resolve specific factual disputes. The court then will have the facts as determined by the jury's special verdict in deciding the ultimate . . . issue.

Accord *Turner Advertising Co. v. Garcia*, 251 Ga. 46 (4) (302 SE2d 547) (1983). The trial court here "exercised its inherent right to seek a jury's aid as a fact-finding body. [Cit.] However, because of the advisory nature of the jury in this case, the trial court was not bound

---

[1] The jury was authorized to find that the motocross track was used extensively prior to June 2003 when it was open to the public but thereafter was used only infrequently by Justin Knott once appellants, at least partially in response to complaints by appellees, chose to close it to the public.

[2] Motorcycles were permitted Monday, Tuesday, Thursday and Friday for two two-hour periods (10 a.m.-noon and 2-4 p.m.) and permitted on Saturday for one two-hour period (10 a.m.-noon).

[3] Only three motorcycles were allowed to run at the same time; further, only one four-stroke motorcycle could run at any time except for the Monday morning session, at which time two such motorcycles were permitted.

by the factual finding of the jury on the issue of [nuisance]." *Bagley v. Robertson*, 265 Ga. 144, 145 (454 SE2d 478) (1995). See *Connell v. Long*, 248 Ga. 716 (1) (286 SE2d 287) (1982) (declining to reach the issue whether a special verdict in equity is binding on the court).

In *Bagley*, supra, although the trial court originally adopted the jury's factual findings and entered judgment in accordance with those findings, we upheld the subsequently granted judgment n.o.v., which the trial court entered after observing the advisory nature of the jury's verdict and the lack of evidence to support the jury's finding. In *Montana v. Blount*, 232 Ga. App. 782 (1) (b) (504 SE2d 447) (1998), after empaneling an advisory jury to hear the evidence, the trial court exercised its prerogative to assess the facts independently and arrive at its own conclusions regarding the entitlement to equitable relief. "It was not error for the trial court either to determine that there existed nothing for which the jury could render an advisory verdict, or to decide to try the case without the jury and find that Montana was not entitled to equitable relief." Id. at 786 (1) (b).

In contrast with these cases, the trial court here acknowledged the jury's special verdict without any reservation or expression of dissatisfaction and made no contrary factual findings. But notwithstanding the jury's finding that appellants' operation of motorcycles on their property for the two years prior to the trial did not constitute a nuisance, the trial court rendered a ruling completely at odds with this finding when it imposed a permanent injunction severely restricting appellants' use of the motocross track. While the trial court was not bound by the jury's special verdict, we hold that it could not acknowledge a verdict it "previously but unnecessarily had submitted" to the jury, *Connell*, supra at 719 (1), thereby implicitly accepting the jury's findings, and then ignore that verdict without setting forth factual findings of its own to support its ruling. Accordingly, because the facts accepted by the trial court do not support the imposition of the permanent injunction in this case, we reverse.

2. The trial court erred by providing in its order that the injunctive relief it granted would "run with the land."

> Injunction is distinctly an equitable remedy, and a court of equity acts in personam, not in rem. [Cit.] It is relief which may be enforced by the court granting it by attachment against the party refusing to obey the mandates of the decree.

*Howard v. Warren*, 206 Ga. 838, 839 (2) (59 SE2d 503) (1950). See also OCGA § 9-11-65 (d) ("[e]very order granting an injunction . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active

concert or participation with them who receive notice of the order by personal service or otherwise").

*Judgment reversed. All the Justices concur.*

DECIDED MAY 17, 2006.

*Friedman, Dever & Merlin, H. Michael Dever, Bonnie L. Keith,* for appellants.

*Balch & Bingham, David J. Marmins, Michael J. Bowers,* for appellees.