S07A0956. EVANS et al. v. KNOTT et al.
(652 SE2d 535)

THOMPSON, Justice.

Plaintiffs are owners of properties at Lake Hartwell. In December 2000 defendants purchased 54 acres at the lake, and one year later they purchased an additional 55 contiguous acres.

Defendants thereafter built a national caliber motocross track on their property and opened the track to the public. They operated the public track between August 2002 and May 2003. Known as Thunder Valley, the track had a maximum of 45 riders per day and no more than 20 riders at one time. Beginning in June 2003, after plaintiffs complained, defendants closed the track to the public; however, defendants occasionally permitted their son and a limited number of others to ride motorcycles on the track.

---

Plaintiffs brought this nuisance action in August 2003 to enjoin defendants from using their property as a motocross track. The trial court sought a jury's aid as a fact-finding body. The jury found that defendants' operation of a public motocross track between August 2002 and May 2003 was a nuisance, but that defendants' occasional private use of the track was not a nuisance. The trial court entered an order referencing the jury's findings, but issued a permanent injunction restricting the use of the track to specific days and times, and limiting the number and type of motorcycles allowed. Defendants appealed and this Court reversed, finding that the permanent injunction was "completely at odds" with the jury's finding that the use of the track after it was closed to the public was not a nuisance. *Knott v. Evans*, 280 Ga. 515, 516 (630 SE2d 402) (2006). Thereafter, the trial court entered an order denying any and all injunctive relief.

Plaintiffs appeal now, asserting the trial court should have entered an order enjoining defendants from operating a public track because the jury found that a public track was a nuisance, and in the absence of a permanent injunction, defendants could reopen the track for public use at any time. We disagree.

This court will not interfere with a trial court's decision to grant or refuse injunctive relief in the absence of a manifest abuse of discretion. *Powell v. Studstill*, 264 Ga. 109, 110 (1) (441 SE2d 52) (1994). Although there is some evidence in the record indicating that prior to trial defendants considered reopening the track to the public after trial, there is also uncontradicted evidence that defendants closed the track to the public before plaintiffs filed suit, as well as evidence that defendants do not intend to reopen the track to the public.[1] In the face of this evidence, it cannot be said that the trial court manifestly abused its discretion in refusing to enter a permanent injunction. Although it is possible that defendants could at some future time reopen the track to the public, plaintiffs have not established that possibility to a reasonably certain degree. OCGA § 41-2-4; *Elder v. City of Winder*, 201 Ga. 511 (40 SE2d 659) (1946). The trial court was not required to issue an injunction merely because plaintiffs apprehend a public use at some future time. See *Farley v. Gate City Gas Light Co.*, 105 Ga. 323, 338 (31 SE 193) (1898) (refusal

---

[1] Mrs. Knott testified that at the time of her deposition, the family did not foreclose the possibility of reopening the track to the public. As she put it, "we wanted to keep the option at that time." But she also testified that she no longer wanted to open the track to the public. Mr. Knott testified he closed the track to the public long before plaintiffs filed suit for a number of reasons: the complaints of neighbors, the amount of work required to maintain the track, and the fact that the public riders endangered his son and interfered with his son's ability to ride on the track. He added that he had no intention of reopening the track to the public.

to grant injunction is proper where nuisance was abated prior to trial and there is no danger of recurrence).

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents.*

DECIDED OCTOBER 29, 2007.

*Balch & Bingham, Michael J. Bowers, David J. Marmins*, for appellants.

*Friedman, Dever & Merlin, H. Michael Dever, Genevieve H. Dame*, for appellees.