A07A2026. HENRY v. CHEROKEE COUNTY.
A07A2027. BLANKENSHIP v. CHEROKEE COUNTY.
(659 SE2d 393)

JOHNSON, Presiding Judge.

Between 1963 and 1966, Clifford Henry bought 43 acres of land in Cherokee County, put the property in his wife's name, and began operating an automobile salvage yard on the property. In 1969, Cherokee County zoned the Henry property as industrial, a classification under which the automobile salvage yard was an appropriate use. In 1992, Cherokee County enacted a new zoning ordinance that reclassified the property as light industrial, a classification which does not permit automobile salvage yards and thus rendered Henry's salvage business a legal nonconforming use.

In December 1997, Milton Blankenship purchased 15 acres of the Henry property, leaving Henry with a 28-acre lot upon which he has continued to operate his automobile salvage yard. On the 15-acre tract, Blankenship drained a lake, graded more than an acre of land and began installing a car shredder — a large piece of equipment into which whole cars are fed and which then shreds the cars into small pieces of about five to seven inches.

Cherokee County filed a petition for injunction against Henry and Blankenship, alleging that they have expanded the nonconforming use of the property — the automobile salvage yard — in violation of the county zoning ordinance.[1] A bench trial was held, and the trial court ruled in favor of the county. As to Henry, the trial court found that he had violated the zoning ordinance by expanding his automobile salvage yard over his entire 28-acre lot, ordered that no additional cars be placed on the lot and directed Henry to create a 50-foot

---

[1] The petition was initially filed against Clifford Henry's wife, Ella Mae Henry, in whose name the 43 acres was originally titled. Blankenship was subsequently added by amendment as a defendant. And when Ella Mae Henry later passed away, her heir Clifford Henry was substituted as a defendant.

buffer with a fence around the perimeter of his entire lot. As to Blankenship, the trial court found that the car shredder violates the ordinance, and ordered him to remove it from the property and cease the car shredding business.

Henry and Blankenship have filed separate appeals from the trial court's final judgment. Because the appeals arise from the same judgment, we consider them together.

### Case No. A07A2026

1. Henry contends that the trial court erred in finding that he had expanded his lawful nonconforming use of the property in violation of the Cherokee County zoning ordinance. We agree.

Article 13.2 of the ordinance provides, in pertinent part, that a nonconformity is "a characteristic of a . . . lot or parcel of land, or of the use, which was lawful prior to the date of enactment of this Ordinance of [sic] any amendment that does not conform to the requirements applicable to the zoning district [in] which it is located." Article 13.3 further provides that a lawful nonconforming use of land that existed at the time the ordinance was enacted may be continued except that the nonconforming use "shall not be . . . [e]xtended to occupy a greater area of land."

> The construction of a zoning ordinance is a question of law for the courts. In construing such an ordinance, we consider the general rule that the owner of land in fee has the right to use the property for any lawful purpose. Since zoning ordinances restrict an owner's right to freely use his property, they are in derogation of common law. Thus, they must be strictly construed in favor of the property owner and never extended beyond their plain and explicit terms. Any restrictions must be clearly established, and ambiguities in the language of zoning ordinances should be resolved in favor of the free use of property.[2]

Strictly construed in favor of Henry, the plain terms of the zoning ordinance establish that his entire 28-acre lot, not simply a portion of it, may be used for the lawful nonconforming use of an automobile salvage yard. As recited above, Article 13.2 of the ordinance defines a nonconformity as a characteristic of a *lot or parcel of land* which was lawful prior to the enactment of the ordinance. The word "parcel" is

---

[2] (Citations and punctuation omitted.) *Cherokee County v. Martin*, 253 Ga. App. 395, 396 (1) (559 SE2d 138) (2002).

not defined in the ordinance, although Article 4.1-7 of the ordinance provides that the word "lot" includes the word "parcel." Article 4.3 then goes on to define the word "lot" as "[a] developed or undeveloped tract of land in one ownership legally transferable as a single unit of land."

Henry's 28-acre tract, in one ownership and legally transferable as a single unit of land, clearly meets the ordinance's own definition of a lot. And since it is undisputed that a characteristic of that lot was its lawful use as an automobile salvage yard prior to the ordinance's enactment, under the plain terms of Article 13.2, the entire 28-acre lot meets the definition of a nonconformity. Given that the entire 28-acre lot may be used for the lawful nonconforming use, it follows that the Article 13.3 prohibition against extending the nonconforming use to occupy a greater area of land plainly means that the nonconforming use cannot be extended to occupy an area of land greater than the existing 28-acre lot.

Contrary to the arguments of Cherokee County and the finding of the trial court, there is no language in the ordinance which defines a nonconforming use as applying only to a portion of the 28-acre lot or which prohibits extending the nonconforming use to previously un-used portions of that lot, rather than to land beyond it. Had the county wished to impose such limiting language, it could have included it in the ordinance. For instance, the ordinance at issue in another case provided that "no such nonconforming use of land shall in any way be extended, *either on the same or adjoining* property."[3] Because the Cherokee County ordinance does not clearly establish such a restriction against extending the nonconforming use on the same property, we will not infer a restriction on Henry's lawful use of his property greater than that imposed by the ordinance's plain language.[4]

The trial court's finding that Henry has violated the ordinance by expanding his salvage yard to cover his entire 28-acre lot is erroneous since the entire lot may be used for the lawful nonconforming use. The trial court's erroneous judgment against Henry and in favor of the county must therefore be reversed.[5]

2. Because of our holding in Division 1 reversing the judgment against Henry, we need not address Henry's remaining enumerations of error.

---

[3] (Emphasis supplied.) *Troutman v. Aiken*, 213 Ga. 55, 56 (96 SE2d 585) (1957).

[4] See *Beugnot v. Coweta County*, 231 Ga. App. 715, 722 (1) (b) (500 SE2d 28) (1998).

[5] See *Northside Corp. v. City of Atlanta*, 275 Ga. App. 30, 32 (2) (619 SE2d 691) (2005).

*Case No. A07A2027*

3. In several related enumerations of error, Blankenship argues that the trial court erred in finding that the car shredder is not a lawful nonconforming use under the ordinance and in ordering him to remove it from his property. The argument is without merit.

Nonconforming uses run with the land and benefit a subsequent purchaser.[6] Thus, the lawful nonconforming use of the original 43-acre lot as an automobile salvage yard ran with the 15-acre parcel that Blankenship purchased and he could have continued using the property for that purpose. But the evidence shows that he did not continue the salvage yard, and instead began installing a car shredder, a heavy industrial operation that could shred as many as 50 cars per hour and would create vibrations, dust and smoke on the property. This action unquestionably violated Article 13.3-4 of the Cherokee County zoning ordinance, which provides that a lawful nonconforming use shall not be changed to another nonconforming use.

This provision of the ordinance is in accord with well-established law. "In order to establish a grandfathered, nonconforming use, it is necessary to show that the land was used for the nonconforming purpose prior to the enactment of the zoning ordinance."[7] Blankenship cannot make such a showing as to his car shredder. Indeed, the evidence unequivocally establishes that Blankenship's property was not used for the purpose of shredding cars prior to the enactment of the zoning ordinance. Accordingly, the trial court committed no error in finding that the car shredder is not a lawful nonconforming use under the ordinance and in ordering its removal from the property.

4. Blankenship claims the trial court erred in failing to find that the county's action to enjoin his use of the car shredder is barred by the doctrine of laches. First, we note that "[i]n general, equitable defenses are unavailable against the state where their application would thwart a strong public policy."[8] There is certainly a strong public policy in allowing a county to enforce its zoning ordinances.

Moreover, whether laches should apply is left to the sound discretion of the trial court based upon consideration of the particular facts of the case.[9]

> Courts of equity may impose an equitable bar to a complaint when the lapse of time and a claimant's neglect in asserting

---

[6] *BBC Land & Dev. v. Butts County*, 281 Ga. 472, 473 (640 SE2d 33) (2007).

[7] (Citation omitted.) *Flippen Alliance &c. v. Brannan*, 267 Ga. App. 134, 136 (1) (601 SE2d 106) (2004).

[8] (Citation and punctuation omitted.) Id. at 138 (3).

[9] Id.

rights causes prejudice to the adverse party. In determining whether laches should apply, courts consider the length of the delay, the sufficiency of the excuse, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the plaintiff or defendant possessed the property during the delay. The defendant must show prejudice from the delay.[10]

In the instant case, the trial court was authorized to find that when Cherokee County initially filed this action in November 1998 against Ella Mae Henry, the longtime title holder of the entire 43-acre tract, it had failed to discover that some six months earlier Blankenship had recorded his deed showing that he had bought 15 acres of the tract. There were then discovery delays in the case, compounded by the withdrawal of Ms. Henry's original counsel. When the county eventually learned through discovery that Blankenship owned part of the property, it immediately moved in January 2000 to have him added to the action as a defendant.

The trial court was further authorized to find from the evidence that Blankenship did not obtain permission from the county before purchasing or constructing the car shredder. Blankenship testified that he purchased the car shredder before he even had a location in mind for it, let alone before he bought the property from Henry. Moreover, Blankenship's land purchase agreement plainly states that the premises were subject to zoning ordinances, and Clifford Henry testified that he never told Blankenship the county would allow the operation of a car shredder on the property. Blankenship himself admitted that he never received any assurances from the county that he could operate a car shredder on the property, and no permits or licenses for the shredder were ever obtained from the county.

Finally, we note that Blankenship has not identified the loss of any evidence due to the delay in his being added to the lawsuit. Under all the circumstances of this case, we conclude that the trial court did not abuse its discretion in ruling that the county's action to enforce its zoning ordinance against Blankenship is not barred by laches. And absent an abuse of discretion, we will not disturb the trial court's ruling.[11]

5. Blankenship complains that the trial court erred in excluding hearsay testimony of alleged conversations between Henry and

---

[10] (Citations omitted.) *Troup v. Loden*, 266 Ga. 650, 651 (1) (469 SE2d 664) (1996).

[11] See *Dillard v. Bishop Eddie Long Ministries*, 258 Ga. App. 507, 511 (5) (574 SE2d 544) (2002).

various county agents concerning Henry's purported request to put a "car processor" on the property. Given the absence of permission from the county for Blankenship to put a car shredder on his property, including Blankenship's own testimony that he never received assurance from the county that he could operate a car shredder, Blankenship has failed to show how he has been harmed by the exclusion of alleged hearsay conversations concerning some request by Henry. To prevail on appeal, an appellant must show harm as well as error in the exclusion of evidence.[12]

*Judgment reversed in Case No. A07A2026. Judgment affirmed in Case No. A07A2027. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 27, 2008 —
RECONSIDERATION DENIED MARCH 19, 2008 — 

*Vaughn, Wright & Boyer, Frederick L. Wright II*, for appellant (case no. A07A2026).
*Bray & Johnson, H. Michael Bray*, for appellant (case no. A07A2027).
*Sams, Larkin & Huff, James A. Balli*, for appellee.

---

[12] *Jakobsen v. Colonial Pipeline Co.*, 237 Ga. App. 441, 447 (4) (514 SE2d 851) (1999) (physical precedent only).