A08A0741. SPINNER v. CITY OF DALLAS.
(663 SE2d 815)

BERNES, Judge.
In this action to enforce a zoning ordinance, the Paulding County Superior Court enjoined Erwin Spinner, the owner of certain property in the City of Dallas, from conducting or allowing any scrap metal storage and processing activities on the property which violate

the property's conditional zoning. The trial court also ordered Spinner to clean up the property, and ruled that a fine of $300 per day would be imposed for Spinner's noncompliance. Spinner appeals, contending that the trial court lacked jurisdiction to issue the injunction against him and that the trial court exceeded its authority in imposing the fine. For the reasons that follow, we affirm.

In December 2005, at Spinner's request, the Dallas City Council conditionally rezoned the subject property to heavy industrial so as to permit Spinner's tenant to operate a small metal processing facility. The rezoning limited the metal processing on the property to reductions, forbade smelting on the property, required that all operations be conducted inside the building during certain prescribed business hours, required erection of a security fence on the property, and mandated that any outside storage be removed within 14 days.

After the conditional zoning ordinance was approved, Spinner's tenant began operating a large volume scrap metal processing business on the property. The City received several complaints from neighboring property owners and tenants regarding the operations. Later inspections of the property by a city official revealed that scrap appliances, inoperable vehicles, and automobile parts were being continuously stored on the property and that the required fence had not been installed. The City determined that the operations and storage of scrap metal on the property violated the conditions of the zoning ordinance and filed the instant action. Following a bench trial, the trial court ruled in favor of the City and granted the injunctive relief sought. This appeal followed.

1. Spinner argues that the action was an in rem proceeding and that the trial court therefore lacked jurisdiction to issue an injunction. It is true that an injunction cannot "run with the land" in an in rem proceeding. See *Knott v. Evans*, 280 Ga. 515, 516 (2) (630 SE2d 402) (2006). "Injunction is distinctly an equitable remedy, and a court of equity acts in personam, not in rem." (Citation and punctuation omitted.) Id. However, "[a]n action may be against the person, or against property, or both." OCGA § 9-2-2 (a). Here, the lawsuit was filed against both Spinner and his property. The City's complaint named Spinner as the defendant and property owner in the action and Spinner was personally served with the complaint. As such, Spinner was subject to the court's in personam jurisdiction[1] and the injunctive relief issued against him was authorized. See

---

[1] Spinner also argues that venue in Paulding County was improper because he resides in Cobb County. Spinner waived this claim by failing to assert it as a defense in his answer or in a motion. See OCGA § 9-11-12 (b) (3); *Maalouf v. Knight*, 237 Ga. App. 509, 510 (1) (515 SE2d 650) (1999).

*Thurman's Auto Parts &c. v. Cobb County*, 248 Ga. 826, 827 (2) (286 SE2d 707) (1982); *Henry v. Cherokee County*, 290 Ga. App. 355, 358 (3) (659 SE2d 393) (2008) (affirming trial court's decision enjoining violation of zoning ordinance and ordering property owner to remove car shredder from the property); *Graham v. Phinizy*, 204 Ga. 638, 646 (2) (51 SE2d 451) (1949) (ruling that an injunction may issue for violation of a zoning ordinance).

2. Spinner's claim that the trial court exceeded its statutory authority with regard to the imposition of a fine is moot. The trial court gave Spinner 45 days to comply with its order or thereafter face a daily fine of $300. Although the City filed a motion for contempt four days after entry of the order, the City now concedes that Spinner complied with the trial court's order within the forty-five-day deadline and that no fine may be imposed in this case.[2] Accordingly, this issue does not require appellate review. See OCGA § 5-6-34 (d); *Peterson v. Baumwell*, 202 Ga. App. 283, 284 (1) (414 SE2d 278) (1991).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 2008.

*Mason B. Rountree*, for appellant.
*Glen E. Stinson*, for appellee.

---

[2] Spinner filed a notice of appeal while the motion for contempt remained pending. Although Spinner argues that the trial court orally ruled in favor of the City at the motion for contempt hearing, a transcript from the hearing has not been included in the record and there is no indication that a fine was assessed in this case. In addition to the absence of a transcript, the record fails to contain a written order assessing a fine.