A09A1734. COX et al. v. CITY OF SASSER.

(684 SE2d 385)

JOHNSON, Presiding Judge.

In 1990, David and Marian Cox placed a mobile home on their property located in the City of Sasser so that Marian Cox's parents could reside there. Marian Cox's parents resided there until their deaths in 1994 and 1995. David Cox took ownership of the mobile home in 1995. In April 2006, he decided to replace the mobile home with another home.

It is undisputed that pursuant to a City zoning ordinance, as

---

amended in 2002, the Coxes' property is located within the R-1 single family residential home district. This district permits "[s]ingle family detached dwellings (including modular homes), **except mobile homes**."[1] The ordinance defines "mobile home" synonymously with "manufactured home":

> a detached single family dwelling unit, designed for long-term occupancy, which has been prefabricated and then transported to its site or to a sales lot usually on its own wheels and requires only minor work before occupancy such as connection to utilities or to a foundation.

A "modular home," on the other hand, is defined as:

> a factory-fabricated single family dwelling which is constructed in one or more sections. These units are manufactured in accordance with the Georgia Industrialized Building Act and the rules of the Department of Community Affairs issued pursuant thereof. Each unit must bear a seal of approval by the Commission of DCA.

David Cox knew a mobile home would not be permitted on his property.

In April 2006, the town clerk for the City issued David Cox a permit for a 2,080 square foot "manufactured/modular" home, and David Cox purchased a home on May 23, 2006. After the Coxes placed the new home on their property in the R-1 district, the City filed a suit seeking to enjoin the Coxes from violating the zoning ordinance and compelling them to remove the home from their property. The parties filed cross-motions for summary judgment, and the trial court granted the City's motion and denied the Coxes' motion in separate orders. The Coxes appeal from those orders. For the reasons that follow, we affirm the trial court's orders.

1. The Coxes first allege that the trial court erred in finding that their new home was not a replacement home as authorized by the ordinance. We disagree.

The ordinance permits all residences that have been determined to be nonconforming to "make needed routine improvements to include replacement." However, this section of the ordinance must be read in conjunction with a previous section that states, "[n]o such nonconforming use shall in any way be expanded or extended." In the present case, there is no question of fact that the previous mobile

---

[1] (Emphasis in original.)

home on the property was a nonconforming use, and the trial court correctly found that the new 1,980 square foot home was not a replacement, as authorized by the ordinance, for the previous 660 square foot mobile home.

Contrary to the Coxes' argument, *Henry v. Cherokee County*[2] does not require a different result. In that case, the zoning ordinance referred to the nonconforming use of a "lot or parcel of land," and this Court held that the zoning ordinance only prohibited the extension of a nonconforming use to an area of land greater than the existing lot.[3] Here, the zoning ordinance specifically refers to "nonconforming residences."

2. The Coxes next allege that a genuine issue of material fact exists as to whether their new home is a "modular home" as permitted by the zoning ordinance. However, when a motion for summary judgment is made and supported by evidence, an adverse party may not rest upon mere allegations or denials in his pleadings, but must come forward with specific evidence showing that there is a genuine issue for trial.[4] The Coxes failed to meet this burden.

The receipt for the new home purchased by David Cox indicates that it is a mobile home. In addition, the Terrell County tax commissioner submitted a notarized document indicating that the home purchased by David Cox was a manufactured home, and notarized documents submitted by the Terrell County chief tax appraiser confirm that the home purchased by David Cox is a manufactured home and not a modular home. In fact, the chief tax appraiser specifically states, "I am familiar with manufactured homes (commonly referred to as mobile homes) and modular homes. The [new home] located on Mr. Cox's property . . . is, in fact, a manufactured home. It is not a modular home."

In response, the Coxes filed an affidavit of an employee where they purchased the new home. In this affidavit, the employee states that he has been involved in the mobile/manufactured/modular housing industry for over ten years and is "familiar with the differences between a mobile home, manufactured home, and modular home," yet nowhere in this affidavit does the employee ever state that the new home purchased by David Cox is a modular home. In addition, the Coxes have failed to present any evidence that the home they purchased was manufactured in accordance with the Georgia Industrialized Building Act and the rules of the Department of Community Affairs or that each unit has a seal of approval by the

---

[2] 290 Ga. App. 355, 356-357 (1) (659 SE2d 393) (2008).

[3] Id. at 356 (1).

[4] OCGA § 9-11-56 (e).

Commission of DCA, as mandated in the zoning ordinance. The trial court did not err in granting the City's motion for summary judgment on this ground.

3. In their final enumeration of error, the Coxes contend a genuine issue of material fact exists as to whether they were reasonably entitled to rely on the permit issued to them by the City clerk. We disagree.

The record indicates that from 2001 through 2006, David Cox was the chairman of the City Planning Commission. He subsequently requested the City clerk to issue him a permit for a manufactured/modular home. It is undisputed that the City clerk was unfamiliar with the zoning ordinance and usually referred such matters to David Cox and the planning commission.

While the permit was valid as to a modular home, the permit was clearly invalid as to a manufactured home since the City zoning ordinance prohibited the Coxes from placing a manufactured home on the R-1 designated property unless they were simply replacing the old home. And, as we found in Division 1 of this opinion, the new, larger home could not be a replacement of the old home under the ordinance provisions. The City clerk's act of issuing the permit was unauthorized since she had neither the authority to waive any of the conditions of the zoning ordinance nor the authority to issue a permit that violated any of those conditions.[5] As such, the City is not estopped from enforcing the zoning ordinance despite the issuance of the permit at issue.[6]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED SEPTEMBER 28, 2009.

*Langley & Lee, Joseph P. Durham, Jr.*, for appellants.
*Collier & Gamble, James M. Collier*, for appellee.

---

[5] *Michiels v. Fulton County*, 261 Ga. 395, 397 (2) (405 SE2d 40) (1991); *Corey Outdoor Advertising, Inc. v. Bd. of Zoning Adjustment*, 254 Ga. 221, 224 (3) (327 SE2d 178) (1985).

[6] *Corey Outdoor Advertising*, supra ("Not even estoppel can legalize or vitalize that which the law declares unlawful and void.") (punctuation omitted).