## 29600. WALDROP et al. v. GEORGIA POWER COMPANY.

NICHOLS, Chief Justice.
In 1969 Georgia Power Company in constructing an electric line along Powers Ferry Road in Cobb County cut and trimmed trees and placed wires over property claimed to be owned by Agnes and Cliff Waldrop, which wires have remained in the same location since at least January 1, 1970. In February, 1970 the Waldrops brought suit against Georgia Power Company seeking damages for trespassing and punitive damages. During the trial of that case Cliff Waldrop sought damages for diminution in the market value of his land occasioned by the placing of said wires and the cutting of said trees. That trial resulted in a verdict for the Waldrops in the amount of $2,500 actual damages and $1,500 punitive damages which sums were paid by Georgia Power Company in October, 1971. In May, 1972, the present action was filed by the Waldrops in which action, as amended, the Waldrops sought a temporary restraining order, an interlocutory and permanent injunction to keep Georgia Power Company off of their land and damages, both general and punitive, totaling $85,000. By counterclaim the Georgia Power Company sought to temporarily and permanently enjoin the defendants from interfering with its operation and maintenance of such electrical power lines.
Based upon the foregoing factual situation, a motion

for summary judgment was granted Georgia Power Company and the action dismissed. The appeal is from this judgment.

The appellant contends that there were material issues of fact which should have been determined by a jury, that the trial court erred in granting an injunction against the plaintiffs on the basis that, as a matter of law, the defendant had an easement over the plaintiff's property, and that the trial court erred in dismissing their complaint.

1. The trial court held in part: "Georgia Power Company is a public service company clothed with the power of eminent domain and it had the right to obtain an easement across the involved property, subject to payment to the landowner, for damages representing the value of the interest taken. The Court concludes that the Waldrops have been compensated for this easement and that Georgia Power Company has the right to continue to operate and maintain the line in question without payment of any additional compensation."

This holding of the trial court follows the decision of this court in *Georgia Power Co. v. Kelly,* 182 Ga. 33 (184 SE 861), which decision is controlling. In that case it was held: "'The owner of a fee of a highway who permits an electric power company to construct its line along the highway, without bringing an action to prevent it until after the public service has begun, will be granted damages only for the invasion of his rights, and cannot require removal of the line.' Gurnsey v. Northern California Power Co., 160 Cal. 699 (117 P 906, 36 LRA (NS) 185). This is a reasonable rule, and sound in principle. It does not proceed in the interest of the company unlawfully appropriating the land, nor on the ordinary theory of estoppel as where a landowner stands by and without warning sees another in good faith place expensive improvements on the premises. A public utility company, having the right of eminent domain, that knowingly takes land without lawful method for its corporate purposes, could hardly be said to be acting in good faith; and it is difficult to find estoppel working against the owner in favor of the company under such circumstances. The operation of the rule has for its basis

more than ordinary estoppel. It works for the good of the public. A public utility company has the right to acquire land necessary for its corporate purpose. Such may be acquired by purchase, by consent of the owner, or by condemnation, but cannot lawfully be taken against the consent of the owner without compensation. The right to the owner, by whatever method the land is taken, is compensation, which right he may expressly or by inaction waive. He may by inaction waive his right to the land. Where electric and power lines are established that furnish light and power to the public, all alike, including business and industry of all kinds, the factory, shop, store, transportation, the citizen, private and corporate, church and school, and the home itself, become dependent on the service for their individual and general welfare. If a landowner stands by and permits, without legal objection, a public utility company to appropriate his land to its necessary corporate use until such becomes a necessary and constituent part of its service to the public, and the rights of the public intervene to such extent that to oust the company would interrupt the service and deny it to the public, the landowner, not for the protection so much of the company but for the benefit of the public, will be estopped from recovering the land in ejectment or from enjoining its use for the service, but will, if he moves in time, be remitted to an appropriate action for damages. The rule is not unfair to the owner of the land. If the land be taken without his consent and without condemnation, a right of action accrues to him against the company. His measure of damage and the amount of his award is the same, whether the land be acquired in condemnation proceedings timely and properly instituted, or whether the land be illegally appropriated and the compensation be fixed in an action against the company for the unlawful taking. The only difference to the landowner is one of remedy. The medicine is not the same, but the cure is equally effectual; and the landowner in either event has his remedy without interrupting the service, to the inconvenience of the social and business life of the community. The only effect on the landowner is that by his own inaction he deprives himself of his remedy by injunction or ejectment, but the remedy afforded him

is adequate."

In the present case the Waldrops had been compensated in prior litigation for the damages resulting from the power company's running the lines over their property. Under the decision in *Georgia Power Co. v. Kelly,* 182 Ga. 33, supra, they were not entitled to further damages nor could they obtain an injunction which would forbid the Georgia Power Company from continuing to transmit electricity through such lines. The trial court did not err in granting the power company's motion for summary judgment as to the injunction or in dismissing the complaint.

*Judgment affirmed. All the Justices concur, except Jordan, J., disqualified.*

SUBMITTED FEBRUARY 10, 1975 — DECIDED FEBRUARY 25, 1975.

*Richard L. Powell,* for appellants.
*Troutman, Sanders, Lockerman & Ashmore, Ezra H. Cohen, Robert L. Pennington, J. Kirk Quillian,* for appellee.