70644. WEBSTER et al. v. SNAPPING SHOALS ELECTRIC MEMBERSHIP CORPORATION et al.
(335 SE2d 637)

POPE, Judge.

Appellants Mary Lou Webster and her son, John E. Webster, brought an action for trespass against appellees, Snapping Shoals Electric Membership Corporation (EMC) and two of its employees and against Southern Bell Telephone and Telegraph Company and several of its employees. Appellants alleged that appellees have trespassed and continue to trespass in maintaining utility poles carrying utility service across appellants' land and in maintaining several utility lines which terminate at poles located within the interior of appellants' land. The trial court denied the motion for summary judgment made by Southern Bell and its employees but granted summary judgment in favor of Snapping Shoals EMC and its employees, J. E. Robinson and Arnold L. Smith. Appellants appeal the order granting

summary judgment in favor of Snapping Shoals EMC, Robinson and Smith.

The evidence discloses that the original utility line on the tract of land at issue was erected in 1940 at the request of E. W. Galloway, the owner of the land at that time. According to appellees, Galloway granted an easement or right-of-way, but this document was not recorded until 1970. In 1964 the subsequent landowner, a Mr. Littrell, requested that Snapping Shoals EMC expand and upgrade the original line. Another easement was granted, but it was not recorded until the time of this lawsuit. In 1971 Peter Tunes, president of Sunrise Lakes, Inc., a development company, entered into an agreement with Snapping Shoals EMC to retire the original utility line and erect a new one. To fulfill this agreement, Tunes granted Snapping Shoals EMC an easement which was recorded in 1981. Appellants contend that because of this agreement the original utility line was retired and abandoned. Appellees, on the other hand, contend that the development company went bankrupt, and, therefore, neither the new line was erected nor the original line abandoned.

1. In her action for trespass, Mrs. Webster stated she purchased the tract at issue as well as two other tracts of land from the trustee in bankruptcy in 1978. She admits that before she purchased the land she saw utility poles on the property, some of which held security lights. She further stated that there were wires dangling from poles and wires lying on the ground but there were no lines connecting any two poles. Mrs. Webster alleges that it was not until April 1983 that she first discovered wires connecting the poles.

(a) A trespass is "an *unauthorized* entry on another's property, without the consent of the owner of the property on which the alleged trespass is committed." 27A EGL 255, Trespass, § 6 (1985 Rev.) The erection of the utility poles in 1940 and their extension in 1964 were authorized by the property owners granting easements for those purposes. Those easements, as well as the 1971 easement, were effective between the parties although they were not duly recorded. OCGA § 44-2-2 (c). Therefore, until 1978, when Mrs. Webster purchased the property, the existence of the utility line was authorized and did not constitute a trespass. Although appellants contend that the initial trespass occurred when wires were allegedly connected between the poles in April 1983, we find, instead, that the installation of the wires was merely incidental to the initial entry upon the property. That is, any diminution in the value of the property resulted from the existence of the poles of which Mrs. Webster admitted she had actual notice in 1978.

Land previously burdened with an easement is not freed by a subsequent conveyance of the land unless the purchaser takes without notice of the easement and is a purchaser for value. Where the exis-

tence of physical facts is such as to give notice of the existence of an easement, a subsequent purchaser for value will be subjected to the easement. See *Mathis v. Holcomb*, 215 Ga. 488 (1) (111 SE2d 50) (1959); see also *Burk v. Tyrrell*, 212 Ga. 239 (3) (91 SE2d 744) (1956). In *Rome Gas-Light Co. v. Meyerhardt*, 61 Ga. 287 (1) (1878), the Supreme Court held that "[w]hether a purchaser of land through which a gas company had run its pipes by consent of a former owner, took subject to the easement or not, depends upon whether he had notice thereof at the time of purchase, or had notice of facts sufficient to put a reasonable man on inquiry." Since notice in that case was a question of fact, the court held that the trial court correctly submitted the question of notice to the jury. "But clearly, when the easement being enjoyed is open and observable to any reasonably prudent person, the question of notice is not one of fact but one of law." *Joel v. Publix-Lucas Theatres*, 193 Ga. 531, 542 (19 SE2d 730) (1942). In the case at bar, evidence of the existence of Snapping Shoals EMC's utility poles and, thus, its easement was readily apparent to any reasonably prudent person. Indeed, Mrs. Webster admits that she had notice of the poles in 1978 when she bought the land. Although there is some dispute about whether there existed any lines connecting the poles at the time of Mrs. Webster's purchase, visible and open evidence that there were poles, some with wires attached, was sufficient to put a reasonably prudent person on notice of an easement as a matter of law. Since she had notice of physical facts to put her on notice, Mrs. Webster's interest in the land at issue is burdened with Snapping Shoals EMC's easement, and, therefore, the trial court correctly granted summary judgment in appellee's favor on her action for trespass.

(b) Mrs. Webster's suit for trespass to realty brought against Snapping Shoals EMC is also time-barred by OCGA § 9-3-30: "All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." Mrs. Webster bought the property with actual knowledge of the presence of the utility poles. If at all, her right of action accrued at the time of purchase in 1978.[1] Since her suit was not filed until 1983, Mrs. Webster is barred by the statute of limitation of OCGA § 9-3-30. Furthermore, Mrs. Webster's action against appellees is barred by OCGA § 46-3-204 which provides that "[a]ll rights of actions accruing against any electric membership corporation growing out of the acquisition of rights-of-way or easements or the occupying of lands of others . . . shall be barred at the

---

[1] Mrs. Webster does not benefit by extension of the statute of limitation through application of the "discovery rule" as recently explained in *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, 254 Ga. 461 (330 SE2d 344) (1985). The date of her "discovery" of the existence of the utility poles, and, thus, any alleged trespass, is 1978, the date of her purchase of the property.

end of 12 months from the date of the accrual of such cause of action." Again, Mrs. Webster's cause of action accrued, at the latest, when she had notice of the utility poles in 1978. Her suit against Snapping Shoals EMC is, therefore, barred by OCGA § 46-3-204 as it was filed in 1983, more than 12 months after the cause accrued in 1978.

2. As to Mr. Webster's action for trespass, the trial court was also correct in granting summary judgment in appellees' favor. Mr. Webster purchased one-half interest in the land from his mother in July 1983, 30 days before the filing of this lawsuit. Mr. Webster stated that before purchasing his interest in the land, he found the recorded 1971 easement between Tunes and Snapping Shoals EMC and that he knew the company claimed an easement. He further stated that he saw the utility poles with wires connected between each pole. In spite of this evidence that there existed a possible easement, he purchased one-half interest in the land. Since Mr. Webster had actual notice of the existence of an easement, his interest in the land is also burdened with the easement previously granted to Snapping Shoals EMC. See Division 1 (a), supra.

For the foregoing reasons, the summary judgment granted in appellees' favor is affirmed.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 10, 1985 —
REHEARING DENIED SEPTEMBER 30, 1985 —

Mary Lou Webster, *pro se.*
John E. Webster, *pro se.*
R. Phillip Shinall III, Harger W. Hoyt, W. Gordon Hamlin, Jr., for appellees.