### 42814. TACO MAC v. CITY OF ATLANTA BOARD OF ZONING ADJUSTMENT.
(340 SE2d 922)

SMITH, Justice.

Taco Mac appeals the Fulton County Superior Court's dismissal of its appeal from the denial of its application before the appellee, City of Atlanta Board of Zoning Adjustment for a zoning variance. Taco Mac raises three issues on appeal. We reverse.

Taco Mac applied to the City Board of Zoning Adjustment for a variance to reduce the number of parking spaces required on its premises from fourteen to eleven. The Board heard Taco Mac's application on October 19, 1984, and issued an oral denial of its request at the end of the hearing. On October 24, 1984, the Board sent Taco Mac a letter notifying Taco Mac of its decision to deny the request. Taco Mac filed an appeal on the Board's decision in the Fulton County Superior Court on November 23, 1984.

The trial court ruled that the oral denial of the appellant's request for a variance constituted the date of decision, and that the appellant had thus filed his appeal more than thirty days after the date of decision. The court subsequently dismissed the appellant's appeal.

Art. IX, Sec. II, Par. IV of the 1983 Constitution of Georgia

states, "The governing authority of each county and of each municipality may adopt plans and may exercise the power of zoning. This authorization shall not prohibit the General Assembly from enacting general laws establishing procedures for the enactment of such power." OCGA § 5-3-20 states:

"(a) Appeals to the superior court shall be filed within 30 days of the date the judgment, order, or decision complained of was entered.

(b) The date of entry of an order, judgment, or other decision shall be the date upon which it was filed in the court, agency, or other tribunal rendering same, duly signed by the jury or other official thereof.

(c) This code section shall apply to all appeals to the superior court, any other law to the contrary notwithstanding."

"[W]here the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden[,]" *City of Jesup v. Bennett*, 226 Ga. 606, 609 (176 SE2d 81) (1970), the only exception being the case where an unequivocal meaning ascribes to the legislature an unreasonable or senseless intent.

The foregoing authority impels the conclusion that an appeal to the superior court, such as the one involved in this case, may be timely filed within thirty days of the entry of a judgment, order, or decision signed by the appropriate official. Here, the pivotal order was the official notification sent by letter to the appellant. Since the order was signed on October 24, 1984, and the appeal was filed on November 23, 1984, we find that the appeal was timely, and the trial court should not have dismissed the appellant's appeal to the superior court.

*Judgment reversed. All the Justices concur, except Gregory, J., who dissents.*

DECIDED MARCH 19, 1986.

*Frantz & Sanders, William E. Frantz, Donald B. Deloach,* for appellant.

*Robert L. Zoeckler, Marva Jones Brooks, Thomas A. Bowman,* for appellee.