44124. CHADWICK v. GWINNETT COUNTY et al.
(354 SE2d 420)

SMITH, Justice.

The Gwinnett County Superior Court granted the appellee county's motion for summary judgment against the appellant, Henry Chadwick. Chadwick raises two issues on appeal. We affirm.

Chadwick, as administrator of the estate of Ellen Ford, requested the Gwinnett County Commission to rezone a piece of property owned by the estate. The County Commission denied his request. Chadwick filed suit in the Gwinnett County Superior Court to have the zoning of the land in question declared unconstitutional. The trial court granted the county's motion for summary judgment on the grounds that Chadwick filed his appeal more than thirty days after the entry of the County Commission's decision.

1. On March 25, 1986, the County Commission orally denied Chadwick's request and recorded that denial in writing. On April 15,

1986, the Commission officially approved the minutes of the meeting in which Chadwick's request was denied. On May 22, 1986, Chadwick received through the mail a letter informing him of the denial of his request. He filed this lawsuit in the superior court on June 19, 1986. Chadwick contends that he should have thirty days from his receipt of official notice through the mail in which to file his lawsuit.

In *Taco Mac v. City of Atlanta Bd. of Zoning Adjustment*, 255 Ga. 538 (340 SE2d 922) (1986), we determined the date of the "pivotal order" in an appeal to the superior court under OCGA § 5-3-20, where the Board of Zoning Adjustment had rendered an oral decision which was not apparently reduced to writing until the Board sent a letter to the appellant notifying it of the decision. We held: "[T]he pivotal order was the official notification sent by letter to the appellant. Since the order was signed on October 24, 1984, and the appeal was filed on November 23, 1984, we find that the appeal was timely [filed]."

We chose the signing of the initial document reducing the decision to writing as the commencement for the running of the clock under OCGA § 5-3-20. Here, we likewise choose the signing of the initial document reducing the decision to writing. Since the Chairman of the Board of Commissioners executed the written minutes of the meeting in which the request was denied on March 25, 1986, the thirty-day period for the filing of an appeal began to run on that day.

2. Since the appellant did not file his appeal within thirty days of March 25, 1986, the trial court did not err in granting the motion for summary judgment in favor of the appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1987 —
RECONSIDERATION DENIED APRIL 29, 1987.

*Andrew J. Ekonomou, Allen F. Harris, G. Hughel Harrison,* for appellant.
*G. Gibson Dean II,* for appellees.