A89A0045. ROWELL et al. v. PARKER et al.
A89A0046. ISLAND ESTATES, LTD. et al. v. PARKER et al.
(384 SE2d 396)

BANKE, Presiding Judge.

These two related cases arise from the appellants' quest for rezoning of certain property which they own on Tybee Island, Georgia. Appellants Rowell and Marbach first petitioned for a change in the existing zoning of their property in 1987. The city council denied their application, and they appealed to the Superior Court of Chatham County. However, they subsequently dismissed that appeal and on the same day presented a second rezoning request to the council. The city council ultimately denied this request, also, whereupon Rowell and Marbach filed a three-count appeal to the superior court. In Count 1, captioned "Appeal to Superior Court," these appellants sought review of the council's denial of their second rezoning application. In Count 2, captioned "Renewal of First Appeal," they sought to renew their appeal from the denial of their original application. In Count 3, captioned "Complaint for Damages," they sought to recover damages against the mayor and city council for opposing their rezoning request and also to recover punitive damages against certain selected members of the council for their alleged wilful misconduct in voting against the request.

The month after the second Rowell-Marbach rezoning application was denied, the council denied a similar application for rezoning which had been filed by appellant Graham, who is also the attorney representing Rowell and Marbach in their rezoning pursuit. Acting in conjunction with Island Estates, Ltd., of which he is apparently the principal owner, Graham also filed an appeal to the superior court.

The appellees, consisting of the mayor and council members of the city, moved to dismiss the Graham appeal and Count 1 of the Rowell-Marbach appeal on the ground that the appellants had acted improperly in naming them as defendants in the action rather than naming the City of Tybee Island. The appellees also moved for dismissal of Count 2 of the Rowell-Marbach appeal, which purported to renew the appeal from the denial of the original rezoning application, on the ground that the prior appeal was not subject to renewal. The trial court granted both these motions, and the case is now before us pursuant to our grant of the appellants' applications for discretionary appeal. See generally OCGA § 5-6-35 (a) (1). *Held*:

1. We disagree with the superior court's conclusion that the appeals were subject to dismissal based on the appellants' failure to

name the City of Tybee Island as the proper "governing authority." Pursuant to § 8 of the charter of the City of Tybee Island, Ga. L. 1970, p. 2080, the governing body of the city consists of the mayor and the members of the city council. Cf. *Hanson v. Wilson*, 257 Ga. 5 (2) (354 SE2d 126) (1987); *Corey Outdoor Advertising v. Bd. of Zoning Adjustment of Atlanta*, 254 Ga. 221 (3) (327 SE2d 178) (1985). We accordingly hold that the trial court erred in dismissing the appeals on this basis.

2. Appellants Rowell and Marbach contend that their appeal from the denial of their original rezoning request was subject to renewal pursuant to OCGA § 9-2-61 (a), which provides that when a case has been commenced within the applicable statute of limitation and the plaintiff discontinues or dismisses the action, it may be recommenced within six months, even if the limitation period has expired.

The requirement of OCGA § 5-3-20 (a) that appeals to superior court must be filed "within 30 days of the date the judgment, order, or decision complained of was entered" is not a statute of limitation but is jurisdictional in nature. See *Taco Mac v. Atlanta Bd. of Zoning Adjustment*, 255 Ga. 538 (340 SE2d 922) (1986). Thus, OCGA § 9-2-61 (a) has no applicability to the present situation, and the superior court did not err in dismissing Count 2 of the Rowell-Marbach appeal. Cf. *Albert v. Bryan*, 150 Ga. App. 649 (258 SE2d 300) (1979). This result is not affected by the fact that the trial court based its ruling on a determination that the parties to the "renewal" appeal were not substantially the same as the parties to the original appeal, since a ruling of the trial court will be affirmed if it is right for any reason. *National Consultants v. Burt*, 186 Ga. App. 27 (3) (366 SE2d 344) (1988).

*Judgment affirmed in part and reversed in part in Case No. A89A0045. Judgment reversed in Case No. A89A0046. Sognier and Pope, JJ., concur.*

DECIDED JUNE 19, 1989 —
REHEARING DENIED JULY 11, 1989 —

*Michael H. Graham*, for appellants.
*Thomas J. Mahoney, Jr., Brent J. Savage*, for appellees.