### A09A0759. ADAMS v. GEORGIA POWER COMPANY.
(682 SE2d 650)

DOYLE, Judge.

In a trespass suit against Georgia Power Company ("GPC"), Ronald Adams appeals from the grant of GPC's summary judgment motion, contending that the trial court erred in concluding that

---

Adams could not maintain his action for damages and declaratory and injunctive relief. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that in 1953, GPC executed a 25-year lease with Adams's predecessor authorizing GPC to install, maintain, and operate a power line across what is now Adams's property in exchange for $34.25 per year. The lease was recorded, but GPC has no records of having made sufficient payments under the lease nor of having renewed the lease after it expired in 1978. However, the evidence shows that GPC operated a power line on the poles from at least 1991 through 2002. In 1999, Adams bought the property, which contained the wooden utility poles originally installed by GPC. In 2006, GPC offered to pay Adams to "update" its purported easement over the property in connection with a planned upgrade of the existing power line to a higher voltage line. No agreement was reached, but as part of the power line upgrade, the existing line was moved to new steel poles not located on Adams's property. The wooden poles remained, and the new line passed over Adams's property.[2]

In 2007, Adams filed the present suit seeking damages for trespass (including $100,000 in compensatory damages and $1 million in punitive damages), a declaratory judgment that GPC lacked rights to occupy or enter his property, and an injunction prohibiting GPC from entering or occupying his property in the future. GPC answered and, after engaging in discovery, moved for summary judgment on statute of limitation and other grounds. The trial court granted the motion, and this appeal followed.

1. Although Adams argues on appeal that the trial court erred in ruling that GPC had acquired an easement by prescription, GPC's motion for summary judgment was not based on this rationale, and it does not appear that the trial court granted GPC's motion for summary judgment on this basis. The trial court cited *Webster v.*

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] Apparently, the lines were taken out of service from February 19 to August 30, 2007 in connection with the upgrades. This corresponds with the time period (before the suit was filed) during which Adams alleged he did not see any lines operating on the poles.

*Snapping Shoals Elec. Membership Corp.*,[3] which addressed a land-owner's right to pursue a trespass action against an electric membership corporation. In that case, this Court concluded that the action, which was brought more than four years after the plaintiff purchased the property, was time-barred by the four-year statute of limitation in OCGA § 9-3-30,[4] which provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." As in *Webster*, the record here shows that Adams purchased the property after the original utility poles were installed and power lines were operating, and the poles remained on his property until the day he brought suit.[5] Further-more, the lease purporting to grant GPC rights to operate the power line was recorded. Therefore, because Adams had notice that GPC already had made its initial entry onto his property when he acquired the property, he was required to bring any action for trespass, to the extent one was cognizable, within four years of his 1999 purchase date.[6] "If at all, [Adams's] right of action accrued at the time of purchase in [1999]. Since [his] suit was not filed until [2007], [Adams] is barred by the statute of limitation of OCGA § 9-3-30."[7] Accordingly, we discern no error in the trial court's grant of summary judgment to GPC on this ground.

2. Adams also contends that the trial court erred in granting summary judgment as to his claim seeking declaratory relief settling his exclusive title to the property and enjoining GPC from interfer-ing with his title by operating or maintaining the power line. However, even assuming that GPC, a public utility having the right of eminent domain, knowingly and without compensation took Adams's property for the use of installing, operating, and maintain-ing the existing power line, "[t]he right to the owner, by whatever method the land is taken, is compensation, which right he may expressly or by inaction waive. He may by inaction waive his right to the land[,]" leaving as his sole remedy a timely action for damages.[8] As stated in Division 1, it is undisputed that prior to the time Adams bought the property in 1999, GPC had already made its initial entry onto the property by installing utility poles. Thus, Adams was on

---

[3] 176 Ga. App. 265, 267 (1) (b) (335 SE2d 637) (1985).

[4] See id.

[5] See id. at 266-267 (1) (a) ("[w]here the existence of physical facts is such as to give notice of the existence of an easement, a subsequent purchaser for value will be subjected to the easement").

[6] See id. at 267-268 (1) (b).

[7] (Footnote omitted.) Id. at 267 (1) (b). If the twenty-five-year lease had been renewed, the cause of action for trespass would have first accrued in 2003 – less than four years prior to the filing of the present suit. However, there is no evidence that the lease was renewed.

[8] *Waldrop v. Ga. Power Co.*, 233 Ga. 851, 853 (1) (213 SE2d 847) (1975).

notice of the intrusion in 1999, eight years prior to filing the suit.[9]

> If a landowner stands by and permits, without legal objection, a public utility company to appropriate his land to its necessary corporate use until such becomes a necessary and constituent part of its service to the public, and the rights of the public intervene to such extent that to oust the company would interrupt the service and deny it to the public, the landowner, not for the protection so much of the company but for the benefit of the public, will be estopped from recovering the land in ejectment or from enjoining its use for the service, but will, *if he moves in time*, be remitted to an appropriate action for damages.[10]

As stated in Division 1, to the extent Adams's claim is cognizable as an action for trespass, it is time-barred by the four-year statute of limitation for trespass. To the extent the claim is cognizable as one for inverse condemnation, it is likewise time-barred by the four-year statute of limitation in OCGA § 9-3-30.[11] Accordingly, we discern no error in the grant of summary judgment as to Adams's claims for injunctive and declaratory relief.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 10, 2009 —
RECONSIDERATION DENIED JULY 27, 2009 ▮▮▮▮▮▮▮▮▮▮

*Walter D. Adams*, for appellant.
*Whelchel & McQuigg, J. Thomas Whelchel*, for appellee.

---

[9] See *Webster*, 176 Ga. App. at 267.

[10] (Emphasis supplied.) *Waldrop*, 233 Ga. at 853 (1) (citing *Ga. Power Co. v. Kelly*, 182 Ga. 33, 38 (184 SE 861) (1936)).

[11] See *Benton v. Savannah Airport Comm.*, 241 Ga. App. 536, 539 (3) (525 SE2d 383) (1999) ("inverse condemnation claim is subject to the four-year statute of limitation set forth in OCGA § 9-3-30").