A10A2340. FORTSON et al. v. TUCKER et al.
(705 SE2d 895)

MIKELL, Judge.

Ander Tucker and his son, Richard Tucker, filed a complaint against Tift County, its Board of Commissioners, the individual commission members, and Carl Fortson, the county Director of Code Administration (collectively, "the County defendants"), alleging a variety of claims arising out of a resolution issued by the county Zoning Board of Appeals ("the Board") allowing manufactured homes to be placed on property owned by Larry G. Massey and Tony Massey.[1] We granted the County defendants' application for interlocutory review of the trial court's denial of their motion for summary judgment. We reverse. Because the Tuckers failed to

---

[1] The complaint also named the Masseys as defendants.

challenge the underlying zoning decision in a timely manner, their claims against the County defendants are time-barred.

> To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the party opposing the motion, warrant judgment as a matter of law. On appeal from a grant of summary judgment, we conduct a de novo review of the record, construing the evidence and all inferences therefrom most favorably to the nonmoving party.[2]

So viewed, the record shows that in February 2004, the county issued two permits to allow manufactured homes to be placed on the Masseys' land. In April 2004, Ander Tucker, who lives on neighboring land, filed an appeal with the Board to challenge the issuance of the permits. At the hearing held on the appeal, both Ander and Richard Tucker argued that the issuance of the permits violated county zoning ordinances concerning required lot size in land zoned for agricultural use. No decision was rendered. Meanwhile, Larry Massey applied for variances that, if granted, would allow the Masseys to re-plat their land without complying with the zoning ordinance's street frontage requirements. On May 27, 2004, the Board held a hearing, at which the Tuckers appeared with counsel. A motion was made to approve the variances. On June 15, 2004, the Board issued a resolution that affirmed the county's issuance of the manufactured home permits and granted Larry Massey's request for variances.

The Tuckers did not appeal the Board's decision. Instead, more than three years later, on April 10, 2007, the Tuckers filed the instant action in superior court against the County defendants and the Masseys, alleging fraud, wilful misrepresentation, conspiracy, nuisance, negligent failure to perform ministerial duties, vicarious liability, and civil rights violations. All claims related to the Board's June 2004 resolution. The Tuckers alleged that the Board acted arbitrarily and capriciously in granting the variances and permits; that Fortson failed to enforce existing zoning ordinances; that the County defendants engaged in a pattern of fraud and deception by causing the Masseys to apply for variances and by concealing alleged misconduct; and that the County defendants conspired to deny the

---

[2] (Citations and footnotes omitted.) *Flippen Alliance &c. v. Brannan*, 267 Ga. App. 134 (601 SE2d 106) (2004).

Tuckers access to the courts and other privileges and immunities, in violation of federal civil rights laws. They prayed for an injunction that would essentially rescind the manufacturing housing permits issued for the Masseys' property. The Tuckers also sought damages, including punitive damages and attorney fees. The County defendants sought summary judgment on a number of grounds, including the Tuckers' failure to appeal the Board's resolution. The trial court denied the motion without explanation, but certified its order for immediate review. This appeal followed.

The County defendants correctly argue that the claims against them are time-barred. Pursuant to OCGA § 5-3-20, appeals to superior court must be filed "within 30 days of the date the judgment, order, or decision complained of was entered."[3] This Code section applies to an appeal from a county zoning board's decision.[4] The requirement is jurisdictional, so that a superior court lacks jurisdiction when such an appeal is filed beyond the time allowed by law.[5]

The 30-day period commences upon "the signing of the initial document reducing the decision to writing."[6] In this case, the appeal period commenced on June 15, 2004, the date that the Board entered a resolution allowing manufactured homes to be placed on the Masseys' property. The Tuckers' complaint against the County defendants, filed nearly three years later, is thus untimely. The Tuckers argue that their suit is not an appeal of the zoning decision, but instead raises independent tort claims. A review of the complaint shows otherwise. The complaint states: "Plaintiffs hereby file this suit and, further, *hereby appeal to the Superior Court* from the prior decisions of the [Board], the zoning administrator and the Tift County Commissions [sic] refusing to enforce and apply the zoning and land use provisions."[7]

Moreover, precedents establish that a party dissatisfied with a zoning decision must appeal to the superior court; it cannot circumvent the review process by instituting an untimely collateral attack on the zoning decision. In *Mayor & Alderman of the City of Savannah v. Savannah Cigarette &c.*,[8] the City of Savannah issued a rezoning decision that precluded a business's intended use of its property. The business lodged an objection at the rezoning hearing, but did not file an appeal. Instead, the business filed an inverse

---

[3] OCGA § 5-3-20 (a).

[4] *Wilson v. City of Snellville*, 256 Ga. 734, 735 (2) (352 SE2d 759) (1987); *Taco Mac v. City of Atlanta Bd. of Zoning Adjustment*, 255 Ga. 538, 539 (340 SE2d 922) (1986).

[5] *Rowell v. Parker*, 192 Ga. App. 215, 216 (2) (384 SE2d 396) (1989).

[6] *Chadwick v. Gwinnett County*, 257 Ga. 59, 60 (1) (354 SE2d 420) (1987).

[7] (Emphasis supplied.)

[8] 267 Ga. 173 (476 SE2d 581) (1996).

YALE LAW LIBRARY

condemnation action against the city, arguing that it had suffered uncompensated losses in rental income and market value as a result of the rezoning decision.[9] The Supreme Court held that "a suit attacking the zoning ordinance as applied to the property involved is untimely when no suit challenging the zoning classification is filed within 30 days of the local authorities' final act on the zoning issue, as was the case here."[10] Accordingly, the Court held that the business's collateral lawsuit should have been dismissed.[11]

Similarly, in *Hollberg v. Spalding County*,[12] the Spalding County Board of Commissioners ("BOC") issued a zoning decision on April 22, 2004, following a hearing at which the appellant appeared and voiced objections.[13] The decision was not timely appealed. Instead, on October 25, 2004, the appellant filed in superior court a petition for a writ of certiorari or, alternatively, a complaint for declaratory judgment against Spalding County and the BOC.[14] The petition sought review of the BOC's decision to rezone adjacent property and contended that it was void for a variety of reasons. We held that the appellant could not circumvent the requirement of filing a timely appeal by seeking a declaration of rights that had already accrued and by instituting a collateral attack upon the Board's decision.[15]

Applying the principles of *Savannah Cigarette* and *Hollberg* to the instant case, we conclude that the Tuckers' claims against the County defendants are time-barred. Although the Tuckers appeared and objected throughout the zoning process, they failed to file an appeal within 30 days of the resolution that forms the basis of their complaint. Instead, they waited nearly three years to file a new action, asserting, as did the appellant in *Hollberg*, that they are entitled to do so because the actions of the Board are void. The Tuckers cannot be permitted to do indirectly that which the law does not allow to be done directly. The trial court erred in denying the County defendants' motion for summary judgment.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 1, 2011 — 

*Hall, Booth, Smith & Slover, Anthony A. Rowell, Charles A. Dorminy, Thomas M. Burke, Jr.*, for appellants.

---

[9] Id.
[10] (Citations omitted.) Id. at 174.
[11] Id.
[12] 281 Ga. App. 768 (637 SE2d 163) (2006).
[13] Id. at 769.
[14] Id.
[15] Id. at 771 (1) (a).

*Spurlin & McCorvey, John C. Spurlin, Thomas H. Pittman*, for appellees.