**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 11, 2012**

# In the Court of Appeals of Georgia

A12A0401.  MORTGAGE  ALLIANCE  CORPORATION  v.
        PICKENS COUNTY, GEORGIA et al.

MCFADDEN, Judge.

This appeal is from a summary judgment holding that a proceeding appellant had denominated an inverse condemnation action was untimely filed. The trial court correctly held that the action is properly characterized as an appeal from a county zoning decision and is therefore subject to the 30-day time limit for appeals to superior court set out in OCGA § 5-3-20. The zoning decision was in the form of a letter from the sole county commissioner. Because the action was filed more than thirty days after the letter was signed, the trial court correctly determined that the action was untimely; and we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.

A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Adams v. Georgia Power Co.*, 299 Ga. App. 399, 400 (682 SE2d 650) (2009).

So viewed, the evidence shows that Robert Jones, as the sole commissioner of Pickens County, makes final zoning decisions for the county. On August 8, 2006, Jones signed a resolution adopting new zoning ordinances for the county which required, among other things, minimum lot sizes of one acre for subdivisions with on-site sewage. At that time, pending before the county was Mortgage Alliance Corporation's proposal to develop certain property as a 240-lot residential subdivision with a private sewer system. On August 11, 2006, Commissioner Jones, sent a letter to Leon Bridges, the chief executive officer of Mortgage Alliance, notifying him that the proposed development was required to meet the new zoning regulations and would not be given "grandfathered" status. The letter stated that "[i]t is the County's position that any proposal to develop [your] property as a subdivision shall comply with the current code of ordinances of Pickens County." Thereafter,

Mortgage Alliance developed a smaller subdivision than that originally proposed, with public water and septic tanks.

On August 6, 2008, Mortgage Alliance filed an inverse condemnation action against the county, Jones and others, claiming, in pertinent part, that the county's requirement that the project comply with the new zoning ordinances was unlawful and forced Mortgage Alliance to abandon the project as economically unfeasible. On summary judgment, the trial court found that the August 11, 2006 letter from Commissioner Jones constituted a decision within the meaning of OCGA § 5-3-20, "such that the Plaintiff's claim for inverse condemnation is barred by its failure to file the complaint within 30 days of the county action at issue." Mortgage Alliance appeals.

1. Mortgage Alliance argues that the trial court erred in finding that the August 11, 2006 letter constituted a decision that triggered the 30-day time limit of OCGA § 5-3-20. We disagree.

OCGA § 5-3-20 provides:

(a) Appeals to the superior court shall be filed within 30 days of the date the judgment, order, or decision complained of was entered. (b) The date of entry of an order, judgment, or other decision shall be the date upon which it was filed in the court, agency, or other tribunal rendering same, duly signed by the judge or other official thereof.

This 30-day time limit applies to challenges to county zoning decisions and "is jurisdictional, so that a superior court lacks jurisdiction when such an appeal is filed beyond the time allowed by law." (Citations omitted.) *Fortson v. Tucker*, 307 Ga. App. 694, 696 (705 SE2d 895) (2011).

Although Mortgage Alliance now claims that the Commissioner Jones' letter was not a zoning decision, in its complaint Mortgage Alliance specifically alleged that "[t]he Pickens County letter of August 11, 2006 constitutes a final decision by Pickens County officials to apply the current zoning and development procedures to Plaintiff's property." Bridges also swore in an affidavit that the August 11, 2006 letter from the commissioner informed him that the current ordinances applied to Mortgage Alliance's property and that the letter was based on a decision Jones and other county officials had made about the property in a July 31, 2006 meeting.

While it is true that Jones deposed that he never took final action to deny the proposed 240-lot development, such a final denial was not the meaning or decision memorialized by the letter in question. Rather, the plain meaning of that letter was to notify Bridges that the proposed development must comply with the new county zoning ordinances. Having reviewed all the evidence, we conclude that the trial court correctly found that the letter constituted a zoning decision by the county.

"[A] party dissatisfied with a zoning decision must appeal to the superior court; it cannot circumvent the review process by instituting an untimely collateral attack on the zoning decision." *Fortson*, supra. Indeed, in another case involving an attempt to challenge a zoning decision via an inverse condemnation action, the Georgia Supreme Court held that "a suit attacking the zoning ordinance as applied to the property involved is untimely when no suit challenging the zoning classification is filed within 30 days of the local authorities' final act on the zoning issue, as was the case here. [Cits.]" *Mayor & Aldermen of the City of Savannah v. Savannah Cigarette & Amusement Svcs.*, 267 Ga. 173, 174 (476 SE2d 581) (1996). Likewise, Mortgage Alliance's inverse condemnation action attacking the decision that it must comply with the new county zoning ordinances is an untimely collateral attack on that decision. Compare *Head v. DeKalb County*, 246 Ga. App. 756, 759 (1) (542 SE2d 176) (2000) (lawsuit not an appeal from a zoning decision where plaintiffs did not seek to attack that decision, and instead merely sought a declaratory judgment as to the effect of that decision).

Mortgage Alliance further argues that even if the letter was a final decision, it was not "entered" and thus did not commence the running of the 30-day time period. However, in a case similar to this one, the Georgia Supreme Court held that a letter

5

sent by a zoning board to notify the appellant of a zoning decision constituted the "pivotal order" for purposes of determining when the 30-day period under OCGA § 5-3-20 began running; and since the appeal was filed within 30 days of the date the letter had been signed, it was timely under the statute. *Taco Mac v. City of Atlanta Bd. of Zoning Adjustment*, 255 Ga. 538, 539 (340 SE2d 922) (1986). As further clarified in *Chadwick v. Gwinnett County*, 257 Ga. 59, 60 (1) (354 SE2d 420) (1987), the Supreme Court has "chose[n] the signing of the initial document reducing the decision to writing as the commencement for the running of the clock under OCGA § 5-3-20."

In the instant case, as in *Taco Mac*, Commissioner Jones' signing of the letter reducing to writing the decision to require Mortgage Alliance's compliance with the new zoning ordinances commenced the running of the clock under OCGA § 5-3-20. However, Mortgage Alliance "failed to file an appeal within 30 days of the [decision] that forms the basis of their complaint. Instead, they waited nearly [two] years to file [an inverse condemnation] action. . . .[Mortgage Alliance] cannot be permitted to do indirectly that which the law does not allow to be done directly." *Fortson*, supra at 697. Accordingly, the trial court correctly granted summary judgment on the basis that the action is time-barred.

2. The trial court did not err in concluding that the additional claim for punitive damages was moot since the underlying action for inverse condemnation had been disposed of on summary judgment. See *Irvin Intl. v. Riverwood Intl. Corp.*, 299 Ga. App. 633, 639 (3), n. 17 (683 SE2d 158) (2009) (punitive damages not an independent cause of action).

3. The Appellees' motion to dismiss the appeal on the ground that it should have been brought by application is without merit. It is true that

> [a]ppeals in zoning cases require an application because they are appeals from court decisions reviewing a decision of an administrative agency within the meaning of O.C.G.A. § 5-6-35 (a) (1). [But w]here a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of O.C.G.A. § 5-6-35 (a) (1) and no application for appeal need be filed.

(Citations and punctuation omitted.) *King v. City of Bainbridge*, 272 Ga. 427, 428 (1) (531 SE2d 350) (2000). Here, the superior court did not review the merits of the zoning decision, and instead reviewed and ruled on the timeliness of the underlying lawsuit. Because the order appealed from does not involve the review of the merits of a zoning decision, no application for appeal was required and we therefore deny the motion to dismiss.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*