**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 6, 2013**

# In the Court of Appeals of Georgia

A13A1491. DUNCAN v. MORELAND et al.

BARNES, Presiding Judge.

Mary Teresa Duncan appeals from the order of the trial court granting summary judgment to her aunts, Etta Sue Moreland and Wilma E. Wilson, and dismissing her challenge to the probate court's order admitting her grandmother's will to probate in solemn form. Upon our review and for the reasons that follow, we affirm.

On May 27, 2008, Moreland and Wilson, two of the decedent's three daughters, filed a petition to probate their mother's will. The will appointed Moreland, Wilson, and their sister, Evelyn Duncan, as co-executors. Duncan was served with a copy of the petition and will by certified mail. On September 16, 2009, Evelyn Duncan's daughter, Teresa, filed a caveat to the will alleging that she and her mother possessed a later-dated valid will, that the decedent had been under undue

influence and lacked the mental capacity to execute the will propounded by Moreland and Wilson, that Evelyn Duncan should be appointed executor of the decedent's estate, and that the petition to probate the will should be denied.

After a hearing on the caveat, the trial court found in favor of Moreland and Wilson and on December 16, 2011, entered an order accepting their petition to probate the will and issued Letters Testamentary to them as co-executors . However, on December 28, 2011, the trial court entered an order rescinding Moreland and Wilson's Letters Testamentary. The probate court's order instructed that "no business on behalf of [the decedent's] estate shall be conducted from the date of said order . . . until new Letters of Testamentary have been issued by the court." The court set the date of February 1, 2012, to appoint the three sisters as co-executors.

On January 31, 2012, Moreland and Wilson filed a "Petition for Removal and/or Denial of Appointment of Co-Administrat[or]" alleging that Evelyn Duncan was unfit to serve as a co-administrator of the estate. Following court-ordered mediation that ended in an impasse, Moreland and Wilson withdrew their petition to deny Evelyn Duncan's appointment as co-administrator of the estate. Thereafter, on July 2, 2012, Teresa Duncan filed a "Motion for Clarification" to determine whether it was "the intent of the Court on December 28, 2011 to rescind the entire Order of

December 13, 2011 and for the Court to retain jurisdiction of the matter until further proceedings could be carried out." Moreland and Wilson apparently maintained that Duncan did not have the right to appeal the validity of the will because the December 28th order appeared to only rescind the Letters Testamentary, not the court's finding that the will was valid. Duncan asked that the court re-enter its December 13, 2011 order admitting the will to probate, but name all three sisters as co-executors rather than just Moreland and Wilson.

The following day, July 3, 2012, the probate court issued Letters Testamentary to Moreland, Wilson and Evelyn Duncan, naming the three sisters co-executors of their mother's estate. The document further stated that on "*July 3, 2012* at a regular term of the Probate Court, the last Will and Testament dated May 11, 2005 of [the decedent] . . . was legally proven in solemn form and was admitted to the record by order." (Emphasis supplied.)

The probate court initially set a hearing on the motion for clarification on July 18, 2012, but then rescheduled it for August 6, 2012. It also entered an order purporting to grant Duncan an additional five days to appeal the probate court's July 3rd order, should the court find against her in ruling on the motion for clarification.

3

Following the hearing, the probate court entered an order on August 8, 2012, finding

that the date that triggered the running of Duncan's 30 days to appeal was

> not December 28, 2011 because those letters issued were rescinded by the court on December 28, 2011. The correct date for the appellate process to begin should be July 3, 2012 when the corrected Letters of Testamentary . . . to [Moreland, Wilson, and Evelyn Duncan] were issued by this court.

On August 9, 2012, Duncan filed her appeal from the July 3, 2012 order to

superior court. Subsequently, Moreland and Wilson filed a motion for summary

judgment in which they maintained that Duncan's appeal was untimely because it was

filed more than 30 days after the probate court's December 13, 2011 order admitting

the will into probate. They also argued that the probate court did not have authority

to extend the period for filing the appeal. The superior court granted the motion,

agreeing that Duncan's notice of appeal was untimely. It found that:

> On December 13, 2011 the Probate Court . . . entered an order finding the last will and testament of [the decedent] to be valid. On December 16, 2011 the Probate Court also appointed Moreland and Wilson as co-administrators. On December 28, 2011 the Probate Court rescinded and vacated only the appointment of Moreland and Wilson but left in place the order of December 13, 2011 finding the will valid. No appeal was

4

filed by the Appellant/Respondent from the Probate Court's order of December 13, 2011 until August 9, 2012. . . . [T]he appeal of the Probate Court's ruling that the will is valid was filed more than thirty days after it was filed. *The time to appeal could not be extended by the Probate Court through its order of August 8, 2012.* (Emphasis supplied.)

On appeal, Duncan contends that the time to file an appeal did not begin running until the probate court made its final decision on the case, and thus, contrary to the trial court's ruling, the December 13, 2011 order was not a final appealable order because in its December 28, 2011 order, the probate court had rescinded the Letters Testamentary it issued to Moreland and Wilson. Duncan further maintains that, because the Letters Testamentary were rescinded, an appeal of the December 13, 2011 order could not have proceeded because as of December 28, 2012 there was no one to represent the estate.

"An appeal shall lie to the superior court from any decision made by the probate court, except an order appointing a temporary administrator." OCGA § 5-3-2 (a) (2). Pursuant to OCGA § 5-3-20 (a), "[a]ppeals to the superior court shall be filed within 30 days of the date the judgment, order, or decision complained of was entered." "The requirement is jurisdictional, so that a superior court lacks jurisdiction

5

when such an appeal is filed beyond the time allowed by law." *Fortson v. Tucker*, 307 Ga. App. 694, 695 (705 SE2d 895) (2011). "Granting extensions of time as permitted under certain circumstances by the Civil Practice Act does not apply to periods of time which are definitely fixed by other statutes." *McClure v. D. O. T.*, 140 Ga. App. 564 (231 SE2d 532) (1976). In such instances, "[n]ot even the trial court is empowered to extend the period of time for filing the notice of appeal."(Citation and punctuation omitted.) *Chambers v. Dept. of Transp.*, 172 Ga. App. 197 (1) (322 SE2d 366) (1984).

In this case, pretermitting whether the final order was December 13, 2011 or July 3, 2012, the superior court correctly held that the probate court had no authority to extend the time to appeal beyond the statutorily-prescribed period of 30 days. See *In re Estate of Dasher*, 259 Ga. App. 201, 202 (576 SE2d 559) (2003) (appeal from probate court order untimely where party filed notice of appeal to superior court 33 days after entry of order appealed from). Accordingly, the probate court's order extending the period beyond that provided for in the statute was of no legal consequence, and the superior court did not err in granting summary judgment to Moreland and Wilson.

*Judgment affirmed. Miller and Ray, JJ., concur.*