**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**

**https://www.gaappeals.us/rules**

**March 16, 2026**

# In the Court of Appeals of Georgia

A25A1508. COBB COUNTY v. MURPHY.

DOYLE, Presiding Judge.

In this interlocutory appeal, Cobb County appeals from the trial court's order denying its motion to dismiss the complaint of Ray Murphy, in which he challenges Cobb County's zoning classification of his property and denial of his application for a special land use permit ("SLUP"). Cobb County contends that the trial court erred because (1) it allowed review of a time-barred zoning classification; and (2) it permitted discovery in a matter for which the applicable statutory framework prescribes a review of the record only. For the reasons that follow, we reverse in part and vacate the trial court's order denying Cobb County's motion to dismiss, and remand with direction.

A trial court's ruling on a motion to dismiss is reviewed de novo. See *Gonzalez v. Miller*, 320 Ga. 170, 170(1) (907 SE2d 859) (2024). We view as true all well-pleaded material allegations in the complaint, but "we are under no obligation to adopt a party's legal conclusions based on these facts." *Auto-Owners Ins. Co. v. Tracy*, 344 Ga. App. 53, 54 (806 SE2d 653) (2017) (citation and punctuation omitted).

So viewed, the record reflects that Murphy owns real property in Cobb County ("the Property"). The Property was originally zoned in 1986 as General Commercial District ("GC"), and Murphy used the Property under this zoning as an automobile storage yard. In May 2022, the Cobb County Board of Commissioners ("BOC") changed the zoning from GC to Neighborhood Retail District ("NRC"). At the same time, the BOC approved Murphy's application for a 12-month SLUP that would allow him to continue his current use of the Property as an automobile storage yard. Murphy appealed neither of these decisions.

Murphy applied for a renewal of the 12-month SLUP in anticipation of its expiration. On June 20, 2023, the BOC held a hearing at which it considered Murphy's renewal application. A motion to deny Murphy's renewal application was carried by unanimous vote, and the BOC denied the application, ordering him to remove all vehicles from the Property.

On July 19, 2023, Murphy filed a "Complaint and Petition of Certiorari" ("Complaint and Petition") against Cobb County; the BOC; Lisa Cupid, individually and as chairwoman of the BOC; and Keli Gambrill, Jerica Richardson, Joann Birrell, and Monique Sheffield, individually and as members of the BOC. In the Complaint and Petition, Murphy challenged the BOC's May 2022 zoning decision as well as the BOC's June 2023 denial of his SLUP renewal application, alleging equal protection violations and unconstitutional zoning conditions, and seeking a declaratory judgment, mandamus, a petition for certiorari, injunctive relief, and attorney fees. Attached to the Complaint and Petition were (1) the 1986 zoning decision; (2) the May 2022 zoning decision; and (3) the June 2023 denial of Murphy's SLUP renewal application.

Cobb County filed a special answer and a motion to dismiss the Complaint and Petition, arguing that because the Complaint and Petition named defendants other than Cobb County, the case should be dismissed on the basis of sovereign immunity. In response to the motion, Murphy amended the Complaint and Petition to remove all defendants except Cobb County; as amended, the Complaint and Petition still challenged the May 2022 and June 2023 zoning decisions and contained the same factual allegations, claims, prayers for relief, and exhibits as the original Complaint and Petition.

Cobb County thereafter filed a renewed motion to dismiss, arguing that because Murphy's initial Complaint and Petition had named defendants other than Cobb County, the case remained subject to dismissal pursuant to the doctrine of sovereign immunity. Cobb County also argued that even if the case were to proceed, review of a SLUP decision must proceed via a petition for review, and the June 2023 SLUP decision was the only decision before the trial court because Murphy had not timely sought review of the May 2022 zoning decision, such that all claims other than the petition for review were subject to dismissal. Additionally, Cobb County argued that Murphy was not entitled to discovery because discovery is not authorized for a petition for review.

In response to the renewed motion to dismiss, Murphy filed a brief and moved for an order of the trial court allowing dismissal of all defendants other than Cobb County. After a hearing, the trial court entered an order denying Cobb County's renewed motion to dismiss, in which it (1) granted Murphy's request to amend the Complaint and Petition to remove all defendants other than Cobb County; (2) declined to dismiss any of Murphy's claims; and (3) ruled that Murphy was entitled to full discovery on all claims without limitation to the record as filed by Cobb County. The trial court certified its order for immediate review, and Cobb County thereafter

filed an application for interlocutory review, arguing that (1) because Murphy's original Complaint and Petition included defendants other than Cobb County, it should be dismissed in its entirety even as amended pursuant to the doctrine of sovereign immunity; (2) in the alternative, because the only avenue for an appeal of a SLUP decision is a petition for review, all claims other than the petition for review should be dismissed; and (3) because discovery is not authorized for a petition to review, Murphy was not entitled to discovery as ordered by the trial court.

This Court initially transferred the application to the Georgia Supreme Court on the basis that the case implicated the Supreme Court's exclusive jurisdiction over constitutional questions. However, after granting the application and hearing oral arguments on the constitutional question, the Supreme Court returned the application to this Court, explaining that the only constitutional question properly raised in the case — whether Murphy could amend his Complaint and Petition to dismiss defendants so as to avoid it being barred by sovereign immunity — had been answered in the affirmative by *Warbler Inv., LLC v. City of Social Circle*, 321 Ga. 125 (913 SE2d 674) (2025). This Court then granted Cobb County's application for interlocutory appeal as to its remaining enumerations, involving whether Murphy's Complaint and Petition could proceed on the claims other than the petition for review and whether

Murphy was entitled to discovery.

1. Cobb County contends that the trial court erred by declining to dismiss all of Murphy's claims except the petition for review of the June 2023 SLUP decision because the other claims challenge the May 2022 zoning decision, which Murphy did not appeal. We agree.

OCGA § 36-66-3(4)(C) defines a "[z]oning decision" as "final legislative action by a local government which results in ... [t]he adoption or denial of an amendment to a zoning ordinance to rezone property from one zoning classification to another[.]" OCGA § 36-66-5.1(b) provides that appeals of such zoning decisions "shall be brought within 30 days of the written decision of the challenged or appealed action." The requirement that zoning appeals must be filed within 30 days of the complained-of decision is jurisdictional. See *Rowell v. Parker*, 192 Ga. App. 215, 216(2) (384 SE2d 396) (1989).

Here, Murphy did not appeal the May 2022 decision to rezone the Property from GC to NRC within 30 days. Murphy's challenges to the May 2022 zoning decision were not raised until July 2023, when he filed his Complaint and Petition. Because these challenges were not timely raised, the trial court was without jurisdiction to entertain them. Accordingly, the trial court erred by failing to dismiss

those claims in Murphy's Complaint and Petition tied to the May 2022 zoning decision, and the only claim properly before the trial court was Murphy's challenge to the June 2023 SLUP decision. We thus vacate the trial court's order and remand the case for further proceedings consistent with our holding in this Division.

2. Cobb County contends that the trial court erred by permitting discovery because the only avenue for appealing a SLUP decision is a petition for review, and a trial court, in reviewing such a petition, may not conduct discovery and is limited to reviewing the record from the zoning proceeding. We agree.

OCGA § 36-66-3(4)(E) also includes in the definition of "[z]oning decision" a "final legislative action by a local government which results in ... [t]he grant or denial of an application for a special use of property[.]" Georgia law differentiates the methods by which certain zoning appeals may proceed in the trial court. On one hand,

> [z]oning decisions as described in this chapter, being legislative in nature, shall be subject to direct constitutional challenge regarding the validity of maintaining the existing zoning on the subject property or the validity of conditions or an interim zoning category other than what was requested in the superior court pursuant to its original jurisdiction over declaratory judgments pursuant to Chapter 4 of Title 9 and equity jurisdiction under Title 23. Such challenges shall be by way of a de novo review by the superior court wherein such review brings up the whole record from the local government and all competent evidence shall be admissible in the trial thereof, whether adduced in a local government

7

process or not[.]

OCGA § 36-66-5.1(a)(1). On the other hand,

> [q]uasi-judicial decisions as described in this chapter and *zoning decisions under subparagraph (E) of paragraph (4) of Code Section 36-66-3* shall be subject to appellate review by the superior court pursuant to its appellate jurisdiction from a lower judicatory body and shall be brought by way of a petition for such review as provided for in Title 5. Such matters shall be reviewed *on the record* which shall be brought to the superior court as provided in Title 5.

OCGA § 36-66-5.1(a)(2) (2022) (emphasis added). See also OCGA § 5-3-5(a)(1) (in considering a petition for review, a trial court generally is limited to reviewing "only matters raised in the record of the proceedings in the lower judicatory[.]")

Here, the BOC's decision to deny Murphy's requested SLUP in June 2023 constituted a "denial of an application for a special use of property" under OCGA § 36-66-3(4)(E). Pursuant to OCGA § 36-66-5.1(a)(2) (2022), Murphy's appeal from this decision had to be brought "by way of a petition for … review[.]" OCGA § 36-66-5.1(a)(2) (2022) further provides that such a petition for review "shall be reviewed on the record[.]" To permit discovery in connection with such a petition is inconsistent with the plain statutory language requiring the trial court to limit its consideration to

the facts and evidence presented to the local zoning authority.[1] Accordingly, the trial court erred by permitting discovery to proceed. We therefore reverse the trial court's order to the extent that it allowed discovery in the proceedings below.

*Judgment reversed in part, vacated in part, and case remanded. Markle and Padgett, JJ., concur.*

---

[1] Additionally, because the BOC's June 2023 denial of Murphy's SLUP application involved evaluating "'whether the facts applying to a specific piece of property warrant[ed] relief from zoning under the standards set in the local ordinance[,]'" this "decision was quasi-judicial." *City of Cumming v. Flowers*, 300 Ga. 820, 823-24(3) (797 SE2d 846) (2017) (quoting *Jackson v. Spalding County*, 265 Ga. 792, 793(2) (462 SE2d 361) (1995) (overruled on other grounds by *City of Cumming v. Flowers*, 300 Ga. 820 (797 SE2d 846) (2017)). And [w]hen a superior court reviews a quasi-judicial decision by an administrative body, 'the superior court is not the proper forum in which to present evidence and conduct discovery[.]" *Druid Hills Civic Ass'n, Inc. v. Buckler*, 328 Ga. App. 485, 494(3) (760 SE2d 194) (2014) (quoting *RCG Props., LLC v. City of Atlanta Bd. of Zoning Adjustment*, 260 Ga. App. 355, 361-62(1) (579 SE2d 782) (2003)). Thus, even absent the application of OCGA §§ 36-66-3(4)(E), 36-66-5.1(a)(2), Murphy was not entitled to discovery in his challenge to the BOC's denial of his SLUP application.